97   255
99   485
97   255
100   46
100   420

# HYMAN BLUMENTHAL *vs.* BOSTON & MAINE RAILROAD.

## Cumberland.    Opinion January 1, 1903.

*Railroad.   Crossing.   Contributory Negligence.   Nonsuit.*

While the plaintiff was attempting to drive over the defendant's railroad at a highway grade-crossing, he was struck by a freight train of the defendant and sustained serious bodily injury. The collision occurred upon the last, as the plaintiff was driving, of the railroad company's three tracks at this crossing. The southerly rail of this last track was about twenty-five feet northerly of the northerly rail of the first track.

Giving the plaintiff the benefit of the most favorable construction possible to the evidence, it may be assumed that, as he was approaching the crossing, his view of the track, in the direction from which the train was coming, was entirely obstructed by buildings, and, perhaps, by a board fence which extended along the southerly side of the railroad, until he reached a point inside of this board fence. But the end of this fence, at the street, was thirty feet southerly of the southerly rail of the track upon which the collision occurred. From this point he had an unobstructed view of the railroad in the direction from which the train was coming, for a distance of at least three hundred feet, and from the first of the three tracks his view was unobstructed, in the same direction for nearly four hundred feet.

The plaintiff was driving, as he says, at a fast walk, and the speed of the freight train, as estimated by plaintiff's witnesses, was from fifteen to twenty miles an hour. Consequently when the plaintiff was upon the first track, with an unobstructed view of between three and four hundred feet, the train was in plain view and only from one hundred and twenty-five to one hundred and fifty feet distant from the crossing, since the speed of the train was only five or six times that of the plaintiff, and they came into collision after the plaintiff had traveled a distance of twenty-five feet.

*Held;* that as there was no controversy as to any of these facts, it was proper for the presiding justice to refuse to submit the case to the jury and to order a nonsuit. That from these uncontroverted facts one of these two conclusions is irresistible; either the plaintiff failed to take such precautions as to looking and listening before attempting to cross the third track as have been laid down by all authorities as indispensable to his right of recovery; or else, he did look and saw the approaching train and

took his chance of safely crossing in front of it. That in either event his negligence contributed to the accident, and, in accordance with the well settled law of this State, will prevent his recovery.

Although the question of negligence, either of plaintiff or of defendant, is one of fact for the jury, when the facts and circumstances are in controversy, and even when they are not, if fair-minded and unprejudiced persons may reasonably differ in the conclusions to be drawn from such facts, it is not a question of fact for the jury, but one of law for the court, when the facts are undisputed and but one inference can properly be drawn therefrom.

It is undoubtedly true, that where the determination of an issue of fact depends upon the credibility of witnesses, and where a jury would be justified in coming to a conclusion either way as to the credence to be given to the witnesses upon the one side or the other, it is the duty of the court to submit such an issue to the jury, however firmly convinced the presiding justice may be that there is no doubt as to where the truth lies. And even where the surrounding circumstances merely make the story of a witness improbable, it is still the right of the litigant to have the issue thereby raised submitted to the tribunal created by the constitution and the laws for the determination of such questions. But this is not so when the undisputed circumstances show that the story told by a witness, upon a material issue, cannot by any possibility be true, or when the testimony of a witness, necessarily relied upon, is inherently impossible.

Under the circumstances of this case it does not help the plaintiff that he testified that he did look and did not see the approaching train; nor did this testimony, under the circumstances of the case, raise an issue of fact which should have been submitted to the jury.

Exceptions by plaintiff.    Overruled.

Case to recover damages sustained by the plaintiff when driving over the defendant's railroad at a highway grade-crossing at Central Street in Westbrook. The plaintiff claimed that the collision was caused by the negligence of the defendant's employees in the management of its train.

The presiding justice ordered a nonsuit and the plaintiff took exceptions.

The case appears in the opinion.

*Wm. Lyons; E. Foster and O. H. Hersey,* for plaintiff.

*J. W. Symonds, D. W. Snow, C. S. Cook and C. L. Hutchinson,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J. While the plaintiff was attempting to drive over the defendant's railroad at a highway grade crossing, he was struck by a freight train of the defendant and sustained serious bodily injury. Claiming that this collision was caused by the negligence of the defendant's employees in the management of the train, he brought this action to recover damages for the injuries sustained by him. At the trial, upon the conclusion of the plaintiff's testimony, the court ruled that a prima facie case had not been made out and ordered a nonsuit. The case comes to the law court, upon the plaintiff's exception to this ruling.

In accordance with familiar principles, which have been so frequently laid down by this court that reference to the authorities is unnecessary, it was incumbent upon the plaintiff, in order to entitle him to have the case submitted to the jury, to introduce testimony tending to affirmatively prove two propositions, the negligence of the defendant in some of the respects complained of, and that no failure upon his part to exercise due care contributed to the accident; and it was as essential for him to affirmatively prove the exercise of due care upon his part as to show negligence upon the part of the defendant.

So far as the first proposition is concerned, it is sufficient to say that we think that the evidence introduced by the plaintiff, uncontradicted, was sufficient to justify a jury in finding that there was negligence upon the part of the defendant's employees. It therefore becomes necessary to consider whether, in accordance with the well established rules as to when the question of negligence is one of fact for the jury and when one of law for the court, the uncontradicted evidence in behalf of the plaintiff in support of his second proposition, that no want of due care upon his part contributed to the accident, was sufficient to entitle him to have this question submitted to a jury.

The plaintiff was a dealer in junk; upon the morning of the day of the accident, April 30, 1900, he had driven with his own horse and express wagon from Portland to Westbrook; during the greater part

of the forenoon he had gone about from house to house in the latter city, plying his trade; shortly before noon he turned into Central Street and drove northerly along that street towards the grade crossing of the defendant's railroad, his destination being a grain store beyond the railroad crossing, where he intended to buy grain for his horse.

At this highway crossing there were three tracks of the defendant's railroad. A board fence extended along the southerly side of the railroad from Brackett Street to the easterly line of Central Street, a distance of about three hundred and ninety feet. The end of this fence at the Central Street line was thirty feet southerly from the southerly rail of the third or last track at the crossing, and the northerly rail of the first track, in the middle of the street, was about twenty-five feet southerly of the southerly rail of the third track. The plaintiff crossed the first two tracks safely and was struck while attempting to cross the third and last track.

As the plaintiff drove northerly along Central Street, from the point where he entered that street, until nearly to the first track, his view of the railroad, on the easterly side of the street, the direction from which the train was coming, was more or less obstructed by buildings, and some of the witnesses think that it might also have been obstructed by the board fence above referred to. Giving the plaintiff the benefit of the most favorable construction possible to the evidence in regard to these obstructions to his vision, it may be assumed that the plaintiff's view of the track in this direction was entirely obstructed until he reached a point inside of this board fence.

But it is made absolutely certain by the plan which was furnished by the defendant, but which was used by the plaintiff and brought to the law court as a part of the case, and as to the accuracy of which no question is raised, that after the plaintiff reached a point inside of this fence, he had an unobstructed view of the railroad easterly for a distance of at least three hundred feet. The plaintiff himself repeatedly testified, upon cross-examination, that from both of the first two tracks that he crossed he could see easterly along the railroad for several hundred feet. The plan shows that the view from the first track easterly was unobstructed nearly, if not quite, to

Brackett Street, a distance of about three hundred and ninety feet, without any portion of the fence, even if that was high enough to be an obstruction, coming within the line of vision.

The plaintiff, according to his own testimony, was driving at a fast walk, and witnesses for the plaintiff testified that in their judgment the speed of the freight train was from fifteen to twenty miles an hour. Assuming these estimates to be correct, when the plaintiff was upon the first track, with an unobstructed view of the railroad easterly for a distance of between three hundred and four hundred feet, the train was only from one hundred and twenty-five feet to one hundred and fifty feet distant from the crossing, because the speed of the train was only five or six times that of the plaintiff, and they came into collision after the plaintiff had travelled a distance of twenty-five feet. Consequently when the plaintiff was upon the first track, twenty-five feet distant from the place of collision, he had an unobstructed view of the approaching train which was not more than one hundred and fifty feet distant on the track from the crossing. If the relative speed of the freight train was not as great as the witnesses have estimated, then of course the train was still nearer the crossing at the time the plaintiff was upon the first track.

There is no controversy about these facts. They are shown by the testimony introduced by the plaintiff and by the plan which the plaintiff used and which is made a part of the case. From these facts one of these two conclusions is irresistible, either the plaintiff failed to take such precautions as to looking and listening before attempting to cross the third track as have been laid down by all authorities as indispensable to his right of recovery, or else, he did look and saw the approaching train and took his chance of safely crossing in front of it. In either event his negligence contributed to the accident, and in accordance with the settled law of this State, that negligence will prevent his recovery. When upon the first track, where his view of the railroad was unobstructed for a much greater distance than was necessary to see the approaching train, he had ample opportunity to stop his horse or to turn aside. Instead of affirmatively proving due care upon his part, he has conclusively proved a want of such care which contributed to the accident,

Although the question of negligence, either of plaintiff or of defendant, is one of fact for the jury, when the facts and circumstances are in controversy, and even when they are not, if fair-minded and unprejudiced persons may reasonably differ in the conclusions to be drawn from such facts, it is not a question of fact for the jury, but one of law for the court, when the facts are undisputed and but one inference can properly be drawn therefrom.    The following are a few of the very numerous authorities in support of this principle.    *Romeo* v. *Boston & Maine Railroad,* 87 Maine, 540; *McQuillan* v. *City of Seattle,* 10 Washington, 464, 45 Am. St. Rep. 799; *Kilpatrick* v. *Grand Trunk Railway Company,* 72 Vt. 263, 82 Am. St. Rep. 939; *Tully* v. *Philadelphia, Wilmington, and Baltimore Railroad Company,* 2 Penne. (Delaware) 537, 82 Am. St. Rep. 425; *Heimann* v. *Kinnare,* 190 Ill. 156.    As we have already seen, this case belongs to the latter class, because from the undisputed facts the inference of contributory negligence upon the part of the plaintiff is the only one that can be drawn.    It was, therefore, the duty of the court at nisi prius to take the case from the jury and order a nonsuit.

But it is urged that the above doctrine is not applicable to this case because the plaintiff testified that before attempting to cross the railroad track, he both looked and listened for an approaching train, and did not see or hear the one that came into collision with him until he was on the last track and just before the train struck him. It is claimed that by reason of this testimony of the plaintiff an issue of fact was raised which he was entitled to have passed upon by a jury.

It is undoubtedly true that where the determination of an issue of fact depends upon the credibility of witnesses, and where a jury would be justified in coming to a conclusion either way as credence be given to the witnesses upon the one side or the other, it is the duty of the court to submit such an issue to the jury, however firmly convinced the presiding justice may be that there is no doubt as to where the truth lies.    And even where the surrounding circumstances merely make the story of a witness improbable, it is still the right of the litigant to have the issue thereby raised submitted to the

tribunal created by the constitution and the laws for the determination of such questions.

But this cannot be so when the undisputed circumstances show that the story told by a witness, upon a material issue, cannot by any possibility be true, or when the testimony of a witness, necessarily relied upon, is inherently impossible. In this case, as we have seen, the plaintiff, when he was twenty-five feet distant at least from the place of the collision, and when he had ample opportunity to stop or turn aside, could have seen the approaching train if he had looked, as was his duty. As we have already said, he either did not look, or did look and saw the approaching train, but attempted to cross regardless of it. Under these circumstances it does not help him that he testified that he did look and did not see the train; nor did this testimony, under the circumstances of the case, raise an issue of fact which should have been submitted to the jury.

*Exceptions overruled.*