[No. 10444.   Department One.   December 27, 1912.]

BANK OF COMMERCE, *Appellant*, v. CHARLES P. NEWBERRY, *Respondent.*[1]

APPEAL—REVIEW—DISCRETION—NEW TRIAL. The supreme court will not interfere with the ·discretion of the trial court in granting a new trial for insufficiency of conflicting testimony, except for clear abuse of discretion.

EVIDENCE—PRODUCTION OF BOOKS. A foreign bank cannot, by demand for production of papers, be required to bring into court its books essential in the daily conduct of its business.

Appeal from an order of the superior court for Yakima county, Preble, J., entered January 22, 1912, granting a new trial, after findings in favor of the plaintiff, in an action on contract. Affirmed.

*Roberts & Udell* and *Fred E. Butler*, for appellant.

*Ralph B. Williamson* and *Robert N. Denham, Jr.*, for respondent.

CHADWICK, J.—After a trial upon the merits, the court announced that he would make findings and conclusions in favor of the plaintiff. Thereafter a motion for a new trial was entertained. The motion was based upon several statutory grounds, including the following: That there was an error in the assessment of the amount of recovery allowed

[1]Reported in 128 Pac. 1064.

plaintiff, in that it was greater than any sum proven upon the trial; that the evidence adduced at the trial was not sufficient to justify the decision; and that the decision is contrary to law. Other grounds were urged in the motion, but we will not consider them. The court, after taking the case under advisement for some time, granted the motion for a new trial upon all the grounds· urged therein; and plaintiff has appealed to this court.

The real issue in the case is whether or not the respondent Newberry is bound to the full extent of a promissory note, signed by him and one Utley and made payable to the appellant. We have read the testimony carefully, and we believe that there may well have been a doubt in the mind of the trial judge, and that in the exercise of his discretion he believed that the disputed issues of fact might be made clearer upon a new trial. In the case of *Sylvester v. Olson*, 63 Wash. 285, 115 Pac. 175, we undertook to collect the cases in which this court had sustained the trial court where new trials had been granted upon conflicting evidence. We there said:

"Appellant contends that, inasmuch as there was evidence to sustain the verdict, the judgment should stand. It is the particular province of the trial judge to pass upon the weight of the testimony, being himself an actor in the trial, and in position to measure the personalty of the witnesses. And unless the evidence be undisputed, or it appears that there has been a clear abuse of discretion, an appellate court cannot review his order when made to rest upon the ground of insufficiency of evidence. We may grant that the evidence in this case is conflicting, but it is such conflict that calls for the rule as we have stated it, and this court has consistently affirmed the judgment of trial courts in all such cases."

In *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88, we reaffirmed our disposition to adhere to the positive rule, that we will not interfere with the discretion of a trial judge in granting a new trial unless we are certain that the discretion has been abused, saying:

"We have held by an unbroken line of decisions that a motion for a new trial is necessarily addressed to the sound discretion of the trial court, and when the motion has been granted for insufficiency of evidence the order will not be disturbed unless the evidence is undisputed or the discretion has been clearly, and as said in one case, grossly abused."

See, also, *Taylor v. Spokane, Portland & S. R. Co.*, 67 Wash. 96, 120 Pac. 889; *Holloway v. Savage*, 68 Wash. 614, 123 Pac. 1021; *Jones v. Spokane, Portland & Seattle R. Co.*, 69 Wash. 12, 124 Pac. 142; *Loy v. Northern Pac. R. Co.*, 68 Wash. 33, 122 Pac. 372.

One of the reasons moving the trial judge to grant a new trial was that respondent had served notice on the attorneys for the appellant to produce all the books and papers pertaining to the transaction. The bank is doing business at Lewiston, Idaho, and the trial occurred at North Yakima. In so far as the court treated this question, he was wholly in error. No sufficient demand was made, nor was any continuance asked in order to secure the evidence. Aside from this, a bank should not be put to the necessity of bringing its books from a foreign jurisdiction. Wigmore, Evidence, § 1223; *People v. Hurst*, 41 Mich. 328, 1 N. W. 1027. We may assume that the books are essential to the every day business of a way-going bank, and that the depositors and patrons have an interest therein. There is a way to get such evidence either by deposition or by stipulating the accuracy of an account showing the entries. In the event of a retrial, the court will not compel the physical production of the books.

The judgment is affirmed.

MOUNT, C. J., GOSE, PARKER, and CROW, JJ., concur.