[No. 12438.  Department Two.  May 27, 1915.]

INDEPENDENT BREWING COMPANY, *Respondent*, v.

P. McCRIMMON *et al.*, *Appellants*.[1]

APPEAL AND ERROR—REVIEW—NEW TRIAL. The granting of a new trial in a cause tried by a jury, on the ground of insufficiency of the evidence, rests solely in the discretion of the trial court, which will be reviewed on appeal only for manifest abuse.

Appeal from an order of the superior court for Pierce county, Chàpman, J., entered July 29, 1914, granting a new trial, after the verdict of a jury rendered in favor of the defendants, in an action on contract. Affirmed.

*L. C. Stevenson*, for appellants.

*Bates, Peer & Peterson*, for respondent.

FULLERTON, J.—On November 28, 1911, the respondent, Independent Brewing Company, and the appellant McCrimmon entered into a written agreement, by the terms of which McCrimmon was given the exclusive agency to sell, for a stated period, the respondent's product in the city of Tacoma and the surrounding territory. The appellants Bell,

¹Reported in 148 Pac. 787.

Alfred and Pickford, by writing, guaranteed the faithful performance of the contract on the part of McCrimmon. Subsequently the relations of the parties were discontinued, and the respondent, claiming a balance due upon the contract, brought this action against McCrimmon and his guarantors to recover the same. McCrimmon admitted a balance due, but counterclaimed because of an alleged breach of the contract. The other appellants defended on the ground of material subsequent alterations in the contract made without their knowledge or consent. On the issues framed, a trial was had before a jury, which returned a verdict in favor of McCrimmon on his counterclaim in the sum of $1,527.80, and in favor of the other appellants to the effect that there had been a substantial change in the original contract without the consent of the guarantors. Judgment was entered on the return of the verdict in accordance therewith. In due time after the return of the verdict, the respondent moved for a new trial, which motion the trial court granted as to all of the appellants. This appeal is prosecuted from the order granting the new trial.

The motion for a new trial was based upon some six of the eight several statutory grounds, among which were included the grounds of excessive damages appearing to have been given under the influence of passion and prejudice, and insufficiency of the evidence to justify the verdict. The order of the court was general, and did not specify the particular ground or grounds upon which it was based. An inspection of the record shows that, on all of the material matters necessary to entitle the appellants to recover, the evidence was conflicting. Indeed, to our minds, the evidence seems not even to preponderate in favor of the verdict, not only as to the amount of the recovery, but even as to the right to a recovery at all. Under these circumstances, we can see no reason which would justify us in disturbing the order of the court. The power to grant a new trial in a cause tried by a jury on the ground of insufficiency of the evidence is a

power that rests solely in the trial court. It is given it in the interests of justice; it is given to prevent the perpetuation into judgments of exaggerated and unfounded verdicts that juries are sometimes unaccountably wont to return. Whether, therefore, the trial court will or will not grant a new trial for these causes in a given case is a matter within its discretion, which will be reviewed on appeal only for manifest abuse. *Bender v. Rinker*, 21 Wash. 636, 59 Pac. 504; *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109; *Best v. Seattle*, 50 Wash. 533, 97 Pac. 772; *Holloway v. Savage*, 68 Wash. 614, 123 Pac. 1021; *Bank of Commerce v. Newberry*, 71 Wash. 422, 128 Pac. 1064.

We find no abuse of discretion in the order appealed from, and it will stand affirmed.

MORRIS, C. J., MAIN, ELLIS, and CROW, JJ., concur.