[No. 12882. Department Two. January 11, 1916.]

## H. C. Payzant *et al.*, *Appellants*, v. B. F. Caudill *et al.*, *Respondents*.[1]

TRIAL—DIRECTION OF VERDICT—QUESTION FOR JURY. A directed verdict or judgment *non obstante* cannot be ordered where there is evidence on behalf of respondent upon an issue of fact determining the liability.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. In an action for a broker's commissions, it is not error to refuse an instruction defining a real estate broker and stating the law as to liability for commissions, where the court instructed the jury that plaintiffs were real estate brokers, had made the sale and procured an able and willing customer and were entitled to commissions unless they had agreed to make no charge for commissions, thereby reducing the issues to their ultimate.

BROKERS—ACTION FOR COMMISSIONS—ISSUES AND PROOF. In an action for a broker's commissions, instructions upon an issue as to whether plaintiffs had agreed not to charge any commissions are proper where a trade had been contemplated, and one of the brokers admitted that he offered to either make the exchange or sell the property for cash clear without any commission, making a price "cash net to them."

APPEAL—REVIEW—DISCRETION—NEW TRIAL. Where the trial court exercised its discretion in refusing to grant a new trial for insufficiency of evidence, as indicated by refusing the new trial after having first declared the evidence incredible and improbable, the discretion is not subject to review on appeal, in the absence of manifest abuse of discretion.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 27, 1915, upon the verdict of a jury rendered in favor of the defendants, in an action for a broker's commission. Affirmed.

*Robert Mulvihill*, for appellants.

*E. C. Dailey*, for respondents.

HOLCOMB, J.—Appellants' motion for a directed verdict in their favor, against respondents, having been denied and

[1] Reported in 154 Pac. 170.

the case submitted to the jury on the evidence, the jury found
for the respondents. Appellants then unsuccessfully moved
for judgment *non obstante veredicto,* or for a new trial.

I.  The court should not have granted the motion for di-
rected verdict or for judgment *non obstante veredicto* for ap-
pellants, for the reason that there was evidence on behalf
of respondents on the one issue of fact which determined the
respondents' liability, viz., whether, if the equity in respond-
ents' property was sold to appellants or to any other person,
at the price fixed therefor for cash, no commission was to be
paid.

II.  There was a contract between appellants and respond-
ents, whereby appellants were to, and did, procure an ex-
change of certain property owned by a Mrs. Austin, valued
at $2,600, for an equity of respondents in certain other
property over and above a certain mortgage of $2,900, which
equity was valued at $2,600, and for which appellants agreed
to accept a commission of $200. Respondents, by letter and
wire, agreed to the exchange on the precise terms stated by
appellants, but proposed that appellants take $50 in cash
as part payment of their commission and take respondents'
note for $150, the balance, for six months. Mrs. Austin was
ready, able, and willing to make the exchange, and in fact
moved at once into the respondents' property. A Mrs.
Wright was acting, in part, as agent for respondents, and
she asserts that she was unable to procure the consummation
of the exchange from appellants because they "insisted on
having all their commission in cash, and would not turn the
Austin property over until they got it; that the negotiations
between her and appellants continued from September 19 to
October 28."

As the case developed under the evidence, the court in-
structed the jury to the effect that,

"Under the undisputed evidence and the admissions in the
pleadings, the defendants entered into the contract for the
exchange of their property for the property described in the

contract [Mrs. Austin's], and upon stated terms; that the undisputed evidence in the case is that plaintiffs obtained such purchaser according to the contract, and respondents' property was actually sold by appellants and possession delivered to Mrs. Austin, for $3,860; that, under the evidence, the appellants are entitled to the commission, not exceeding $210, *unless you further find that the plaintiffs, subsequent to the execution of the original contract between plaintiffs and defendants, agreed with defendants that, if the sale was made for cash, the plaintiffs would charge no commission for the sale.*"

The court also further instructed that:

"*Really the only issue submitted to you in this case is the question whether or not the plaintiffs did agree, subsequent to September 19, 1914, that, if a sale of the Caudill property was made for cash, they would charge no commission for making such sale. If you should find that the plaintiffs so agreed, then your verdict should be for the defendants.*"

Thus were the issues reduced to their ultimate in giving the case to the jury. There was, therefore, no error in refusing the instructions tendered by appellants, defining a real estate broker and stating the law as to when a real estate broker is entitled to his commission. The instructions given referred to the jury but one issue, which expressly stated that appellants had been made the brokers or agents of respondents; that they had made the sale, procured a buyer who was ready, able, and willing to comply with the terms of sale, and were entitled to their commission, unless there had been a subsequent alteration of the original contract. The manner of submission to the jury was entirely favorable to the appellants, unless the court erred in submitting the one issue to the jury that was submitted. Upon this, appellants say that there was no issue for the jury; that the lower court submitted an issue as to which there was no evidence to support it, viz.: "Did the appellants agree that they would not charge any commission if the sale was made for cash?" It is asserted that the testimony is to the effect that appellants

would purchase the Austin property after the trade was made, and if the appellants purchased any of the property they would not receive any commission; that they were not to receive a commission if they purchased, and this was all the evidence on a cash sale; that the appellants did not purchase the property; that the burden was upon the respondents to show, by clear and substantial evidence, that appellants made a contract by which they were to perform services and receive no pay.

While it is a fact that the facts as testified to by Mrs. Wright, the agent for respondents, would seem to be improbable, yet one of appellants, Mr. Smith, testified as follows:

"Question: Isn't it a fact, that when you showed them the Lowell [Mrs. Austin's] property, you told them that they could either have the Lowell property, or you would sell the Lowell property and pay his equity in cash clear, without any commission? Isn't that true, Mr. Smith? Answer: Yes, this thousand or eleven hundred dollars would have been the amount net to them without a commission. Q. Without a commission? A. Yes, sir; and that is what—for your information, that is what I was trying to do, this thirty days; was to get them that cash net to them."

The Lowell, or Mrs. Austin's property, was sold, according to appellants' testimony, and appellants furnished the money to pay cash for the equity, and improbable as it would otherwise seem, it may be inferred that no commission was to be paid. We think, therefore, that the court properly submitted this issue to the jury.

III. The same question, in effect, is raised in argument in support of appellants' motion for a new trial. It appears that the trial judge, in passing upon appellants' motion for a directed verdict, very forcibly intimated that the testimony that, if the sale was made for cash, no commission was to be charged, was improbable and incredible, and that in case the jury found otherwise, he felt that he would be impelled to set it aside. But in passing on a motion for a new trial, it seems that the trial judge, after further reflection and de-

liberation, concluded that the facts supported the verdict, probably considering that the jury were better judges of the credibility and probability of the truth of the testimony than was the court, and refused to grant a new trial. Having thus undoubtedly exercised his discretion, we are concluded. It is our province, under the repeated decisions of this court, to correct manifest abuses of discretion on the part of the trial courts in granting or refusing new trials, but not to interfere with the clear exercise of the discretion of trial courts.

There is no error. The judgment is affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and PARKER, JJ., concur.