[No. 13480. Department Two. November 16, 1916.]

## William R. Armstrong *et al., Respondents,* v. Modern Woodmen of America, *Appellant.*[1]

Appeal—Review—New Trial—Discretion. Where the evidence is conflicting, the refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence will not be reviewed except for abuse of discretion; and it is not an abuse of discretion where there was substantial evidence upon which to rest the verdict.

Insurance — Mutual Benefit Certificates — Actions—Proof of Death—Conclusiveness of Statements. In an action upon a mutual benefit certificate, the statements in the proofs of death are not conclusive on the beneficiary, in the absence of facts creating an estoppel.

Evidence—Hearsay Evidence—Recitals in Records of Marriage License—Fact of Age. Where, by the statute of a sister state, the recorder had no right to issue a marriage license to a male person under twenty-one without the consent provided for and it was his duty to make a record of the fact, a certified copy of a marriage license, tending to support a claim that an insured person was then over twenty-one years of age, is admissible in evidence upon the question of his age, for what it was worth, constituting a recognized exception to the hearsay rule.

Evidence—Declarations of Insured—Admission Against Beneficiary. The declarations of the insured as to his age are, in actions upon mutual benefit insurance, admissible against the beneficiary.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered June 16, 1915, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a benefit certificate.   Reversed.

²Reported in 160 Pac. 946.

*Davis & Heil, Chas. L. Chamberlin,* and *Truman Plantz,*
for appellant.

*John Pattison* and *J. P. Burson,* for respondents.

MAIN, J.—The purpose of this action was to recover upon
a benefit certificate, issued by the defendant, Modern Wood-
men of America, to George E. Armstrong, the father of the
plaintiffs.   The defendant interposed the defense that
George E. Armstrong, in his application for membership in
the order, misrepresented his age.   The trial of the cause re-
sulted in a verdict for the plaintiffs.   From the judgment
entered upon this verdict, the defendant appeals.

The facts necessary to an understanding of the material
questions for determination are these:

During the year 1903, George E. Armstrong made appli-
cation for membership and insurance in the Modern Woodmen
of America, a fraternal beneficiary society.   In his applica-
tion for membership, Armstrong represented that he was born
on the 10th day of July, 1862.   The application for member-
ship was accepted and a benefit certificate duly issued, in
which the respondents in this action were named as bene-
ficiaries.   George E. Armstrong died on the 11th day of
February, 1913.   From the time of the issuance of the benefit
certificate to the date of the death of the insured, all dues,
assessments, and demands of the society had been paid.
After the death of George E. Armstrong, proof of his death
was submitted in accordance with the requirements of the
appellant.   In the application for membership, it was declared
that all answers and statements therein were true and were
to be a condition precedent to any binding contract issued
upon the faith of such answers and statements.   One of these
statements was that the applicant was born on the 10th day
of July, 1862.   When the proofs of death were submitted to
appellant, it appeared from certain statements therein that
the insured was born some time prior to the year 1862.   For

this reason, the appellant refused to pay the beneficiaries named in the certificate the amount of the insurance specified therein. After this refusal, the present action was instituted.

The first question is whether the trial judge erred in denying the motion for a new trial, because there was not sufficient evidence to sustain the verdict. The appellant contends that the great weight of evidence was to the effect that George E. Armstrong was born on the 10th day of July, 1858, instead of on the 10th day of July, 1862, and since the great weight of the evidence sustains this contention, there is no substantial conflict in the evidence, and a motion for a new trial should have been granted. In support of this contention, the case of *Guley v. Northwestern Coal & Transportation Co.*, 7 Wash. 491, 35 Pac. 372, is cited. It is true that in that case is found a declaration that where the clear weight of the evidence is with either side, there is no substantial conflict, and the court should take the decision of the case from the jury, but that decision is no longer authority. In the case of *Money v. Seattle, Renton & Southern R. Co.*, 59 Wash. 120, 109 Pac. 307, it was referred to in this language:

"The *Guley* case has been criticized in this court in respect to the question we are considering until it is no longer authority on the subject. Where there is a substantial conflict in the evidence, and the trial court has refused a new trial and has instructed the jury that the weight of the evidence does not necessarily depend upon the relative number of witnesses testifying for or against a given issue, and that they are the sole judges of the credibility of the witnesses and the weight of the testimony, it would involve a legal absurdity for this court to reverse the judgment entered upon the verdict on the ground of the insufficiency of the evidence. To believe one witness and to disbelieve another or others is one of the admitted functions of the jury, and in this respect it cannot be censored or controlled by the courts. While it is true that verdicts must be based upon evidence, it is likewise true that the trial judge is not required to grant a new trial in every case where his opinion upon the facts differ from the opinion of the jury as expressed in the verdict."

Whatever the rule may be in other jurisdictions, it is well settled in this state that, where a cause is tried to a jury, and the trial court declines to grant a new trial in response to the contention that the verdict is against the weight of the evidence, this court will not disturb the holding of the trial court, even though it may believe that the weight of the evidence is against the verdict of the jury, unless it shall appear that the trial court abused its discretion in refusing to grant the new trial. *Mattson v. Eureka Cedar Lumber & Shingle Co.*, 79 Wash. 266, 140 Pac. 377; *Independent Brewing Co. v. McCrimmon*, 85 Wash. 610, 148 Pac. 787; *Payzant v. Caudill*, 89 Wash. 250, 154 Pac. 170.

In the present case, there was substantial evidence upon which the verdict of the jury could rest. At least one witness, a man sixty-one years of age, testified positively that George E. Armstrong was born in the state of Missouri during the year 1862. He detailed certain facts and circumstances which would lend support to his memory. To say that, in the light of this testimony, there was no substantial evidence to support the verdict would amount to usurpation by this court of the functions of the jury.

It is also claimed that a recovery should be denied the respondents, as a matter of law, because, in the proofs of death filed with the appellant, the age of the insured was stated as fifty-four years and seven months, which, if true, would make the date of his birth earlier than 1862. But where the action is brought upon a contract of mutual benefit insurance, as in this case, statements made in the proofs of death are not conclusive on the beneficiary, in the trial of the case, in the absence of facts creating an estoppel. The beneficiary has the right to controvert the statements made in the proofs of death. 3 Elliott, Evidence, § 2387; 29 Cyc. 150; *Supreme Tent Knights of Maccabees v. Stensland*, 206 Ill. 124, 68 N. E. 1098, 99 Am. St. 137; *Modern Woodmen of America v. Davis*, 184 Ill. 236, 56 N. E. 300.

In the case last cited, it was stated that:

"Proofs of death, if in compliance with the requirements of the order, form a legal basis for an action on a certificate issued by the order, even though the proof contain matter damaging to the case of the beneficiary.   13 Am. & Eng. Ency. Law, 65.   The real cause of death remained a question of fact, in the elucidation whereof the beneficiary was not restricted to the testimony of the physician.   Her right to recover could not be conclusively determined from the affidavit of the physician filed by her, because the rule of the order required it to be filed.   Nor was she estopped to combat the truth of the affidavit of the physician. . . ."

There are no facts in this case which would create an estoppel, and the trial court did not err in refusing to overturn the verdict of the jury on this ground.

The next question is whether error was committed by the trial court in the refusal to admit in evidence a certified copy of the record of the marriage of George E. Armstrong and Fannie Cotton, in the state of Missouri, on the 9th day of October, 1882.   After making the necessary preliminary proofs, the copy of the marriage license, issued by the recorder of Clark county, Missouri, and the return thereof by the minister performing the marriage ceremony, was offered in evidence, and upon objection being made, the trial court declined to admit it.   In regard to the admission in evidence of official registers and certified copies thereof, the rule appears to be that such registers are admissible in evidence of any facts required to be recorded in them, or which occur in the presence of the registering officer.   1 Greenleaf, Evidence, § 493; *Evanston v. Gunn*, 99 U. S. 660; *Bardsley v. Sternberg*, 18 Wash. 612, 52 Pac. 251, 524; *Murray v. Supreme Hive Ladies of Maccabees of the World*, 112 Tenn. 664, 80 S. W. 827; *Priddy v. Boice*, 201 Mo. 309, 99 S. W. 1055, 119 Am. St. 762, 9 L. R. A. (N. S.) 718.

The controversy here is not so much over a statement of the rule as its application.   The question then arises whether it was the duty of the recorder, upon issuing the marriage

license, to determine and record the fact as to the age of the applicant.   At the time the marriage license in question was issued, the statutes of the state of Missouri contained a section which provided that:

"No recorder shall issue a license authorizing the marriage of any male person under the age of twenty-one years, or female under eighteen, except with the consent of his or her father, or if he is dead or incapable, or not residing with his family, of his or her mother or guardian, as the case may be, if he or she have one, which consent, if not given at the time in person, shall be evidenced by a certificate, in writing, subscribed thereto and duly attested.   The recorder shall state in every license whether the parties applying for the same, one or either or both of them, are of age, or whether either or both are minors, and if either party is a minor, the name of the father, mother or guardian consenting to such marriage. (Laws 1881, p. 162-c.)"   Revised Statutes of Missouri, § 6850.

By this statute, the recorder had no right to issue a license to a male person under the age of twenty-one years, except with the consent provided for therein.   It is made the duty of the recorder to state in every license whether the parties applying for the same, one or either or both of them, are of age, and if either party be not of age, then the name of the person consenting to such marriage shall be stated.   In the marriage license issued to George E. Armstrong and Fannie Cotton, the age of the former was stated to be over twenty-one years. If this marriage certificate is admissible in evidence on the question of age, it would tend to support the claim that George E. Armstrong was born prior to the year 1862.   The duty being placed upon the recorder by the statute of the state of Missouri to determine, before he issued a marriage license to a male person, that such person was over the age of twenty-one years, a marriage license issued, reciting the age, would be within the rule relative to the admission of official registers, and would be admissible in evidence upon the question of age.   It is not, of course, conclusive, but it is ad-

missible for what it may be worth. In *Murray v. Supreme Lodge, New England Order of Protection,* 74 Conn. 715, 52 Atl. 722, the Supreme Court of Errors of Connecticut had this question before it, and, in passing on the same, used this language:

"It thus appears that the age of Ellen T. Murray, at the time of her marriage, and at the time of the birth of her children, was a fact which the law made it the duty of the registrar to ascertain, and to make and keep a record of the fact so ascertained. The record thus made was a public record, made by a public official, of a fact which the law required him to find and record, and the record was open to public inspection. The record thus made of this fact the defendant offered in evidence, both in the shape of the record itself, and of a duly certified copy thereof, and the court excluded it on the ground, substantially, that it was hearsay evidence. Now, unquestionably the evidence offered and excluded was hearsay evidence, for it was a statement made extrajudicially by one not under oath and not subject to cross-examination, and it was offered in proof of one of the facts stated in it, to wit, the age of Mrs. Murray. Statements so made are generally obnoxious to the hearsay rule, but to that rule there are many exceptions as well established as the rule itself; and among them is one admitting statements made by public officials in a public record made for public use pursuant to law. The books of the registrar, kept according to law, constitute a public official register; and the statements contained therein, when relevant, are admissible in evidence as a clear exception to the hearsay rule. The necessity for the existence of such an exception is found 'in the practically unendurable inconvenience of summoning public officers from their posts on the innumerable occasions when their official doings or records are to be proved in litigation;' and the general trustworthiness of such evidence is found in the circumstances under which the statements are made. 1 Greenleaf on Ev. (16 ed.), §§ 162*m.* 484-486. *Sturla v. Freccia,* L. R. 5 App. Cas. 623; *Evanston v. Gunn,* 99 U. S. 660; *Cushing v. Nantasket Beach R. Co.,* 143 Mass. 78; *Enfield v. Ellington,* 67 Conn. 459, 462; *Hennessy v. Metropolitan Life Ins. Co., ante* p. 699.

"The evidence offered and excluded in the case at bar comes clearly within this exception to the hearsay rule, and was ad-

missible in proof of the age of Mrs. Murray at the time of her marriage, and at the dates when her children were born. 1 Greenleaf on Ev. (16 ed.), § 493. It was not, of course, conclusive, nor was it offered as such; but it was admissible for what it was worth, and the court erred in excluding it."

It may be that the recorder, reciting the fact of age, relied upon the declaration of the applicant, but this would not render it inadmissible. In mutual benefit insurance, the contract is between the society and the member, and the beneficiary has only an expectant interest. The member insured has full power and dominion over the contract until the time of his death. The beneficiary, prior to such death, has no vested interest in the contract. The declarations of the insured are admissible against the beneficiary, just as they would be against his legal representative. Niblack, Benefit Societies and Accident Insurance, § 325; *Thomas v. Grand Lodge, Ancient Order of United Workmen,* 12 Wash. 500, 41 Pac. 882; *Hansen v. Supreme Lodge Knights of Honor,* 140 Ill. 301, 29 N. E. 1121; *Supreme Conclave Knights of Damon v. O'Connell,* 107 Ga. 97, 32 S. E. 946.

The failure to admit in evidence the marriage license was reversible error. From the record in the case, we are unable to say that, had this been admitted, it would not have caused a different verdict to be returned.

Some of the authorities cited by the respondents in support of the ruling of the trial court should be noticed and the distinction pointed out. In *Connecticut Mut. Life Ins. Co. v. Schwenk,* 94 U. S. 593, there was offered in evidence the minute book of the lodge of Odd Fellows, for the purpose of showing the age of a member recorded therein. It was there held that the book was not properly admissible for this purpose, apparently for two reasons. First: Entries in the minute book could not be regarded as admissions of the person named therein respecting his age, and second; it does not appear that any duty was imposed upon the keeper of the minute book to ascertain and record the ages of the members.

In *Hegler v. Faulkner*, 153 U. S. 109, a report of the names of Indians and half-breeds entitled to participate in an allotment of land, under the Federal statutes, to the Indian Bureau under instructions to report in full a list of all applicants, showing names, age, sex, etc., was held not admissible in evidence in an action between two parties, each of whom claims under the same person and the same allotment, in order to show the age of that person at the time of the allotment. But, as stated in the opinion in that case:

".   .   . neither the treaty, the act of Congress, nor the instructions of the department contemplated any special inquiry into the ages of the Indians."

In the present case, the Missouri statute contemplated a special inquiry by the recorder into the ages of the applicants for a marriage license.

If the case of *Mutual Benefit Ins. Co. v. Tisdale*, 91 U. S. 238, is not distinguishable, then it is not in harmony with the later holding of the same court in *Evanston v. Gunn*, 99 U. S. 660.

There are other grounds urged for a reversal, but these need not be discussed. They are not only without substantial merit, but are such as were incidental to the particular trial and not likely to occur in another trial of the cause.

The judgment will be reversed, and the cause remanded for a new trial.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.