[No. 14969. Department One. January 17, 1919.]

WILLIAM R. ARMSTRONG et al., Respondents, v. MODERN WOODMEN OF AMERICA, Appellant.[1]

INSURANCE (83)—AVOIDANCE OF POLICY—FRAUD—MISREPRESENTING AGE—EVIDENCE—SUFFICIENCY. Upon an issue as to misrepresenting the age of insured, a verdict finding that he was born in 1862 as represented, instead of 1858, is supported where witnesses testified in person to that effect, although they were mistaken as to the place of birth and were contradicted by numerous witnesses, the question being for the jury.

EVIDENCE (23, 101)—PRESUMPTIONS—CAPACITY TO CONTRACT—ADMISSIONS AGAINST INTEREST. Upon an issue as to whether insured was born in 1862 as represented, or in 1858, his contract made in 1880 with his father is not competent evidence that he was twenty-one at that time, as either raising a presumption that he was competent to contract, or as an admission against interest.

APPEAL (458) — REVIEW — HARMLESS ERROR — FACTS OTHERWISE ESTABLISHED. Error in the exclusion of evidence as to what a deceased wife had told witness as to the date of her birth is harmless where he testified as to her age from his own knowledge.

EVIDENCE (100)—DECLARATIONS—BY PERSON SINCE DECEASED—AGE. Upon an issue as to whether insured was born in 1862 as represented, or in 1858, evidence by insured's son that insured, before making the application for insurance, always claimed he was born in 1862, is admissible.

[1]Reported in 178 Pac. 1.

EVIDENCE (34)—BURDEN OF PROOF—SHIFTING—PRIMA FACIE CASE. Upon an issue as to whether insured was born in 1862 as represented, or in 1858, proof of death stating that he was born in 1858, while making a prima facie case, does not shift the burden of proof.

CHADWICK, C. J., dissenting.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered December 27, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a benefit certificate. Affirmed.

*Arthur W. Davis, Charles L. Chamberlin,* and *Truman Plantz,* for appellant.

*John Pattison* and *J. P. Burson,* for respondents.

TOLMAN, J.—This action was brought to recover upon a benefit certificate issued by appellant, Modern Woodmen of America, in 1903, to George E. Armstrong, who, in his application for membership, stated that he was born on the 10th day of July, 1862. George E. Armstrong died on the 11th day of February, 1913, and proof of his death was submitted, in which it appeared that Armstrong was born on the 10th day of July, 1858. Payment was refused because of alleged misrepresentation of the age of deceased, and that fact was pleaded as a defense to the action. Trial was had to a jury, which found a verdict in favor of respondents for the full amount of the benefit certificate, and interest. A motion for new trial and a motion for judgment *non obstante veredicto* were interposed. In the latter motion, appellant asked the trial court to enter judgment for respondents in the sum of $196.75, being the amount of the assessments paid by the deceased under the benefit certificate. Judgment was entered on the verdict, from which this appeal is taken.

This case was here on a former appeal from a like verdict and judgment, and is reported in 93 Wash. 352, 160 Pac. 946, to which reference is made for a more complete statement of the facts.

Appellant first contends that there was no substantial conflict in the evidence, and that the trial court should have decided, as a matter of law, upon the motion for judgment *non obstante,* that deceased misrepresented his age in his application for membership in the order. We have examined the evidence with painstaking care and find that one witness, by deposition, testified that deceased was born in 1858, and six other witnesses, also by deposition, testified to facts strongly indicating that to have been the year of his birth. This, with the admission of the marriage license issued to deceased in 1882, for the rejection of which the case was reversed on the former appeal, reciting that he was then over the age of twenty-one years, and the testimony of an uncle, Charles Armstrong, produced in person as a witness by respondents, to the effect that deceased was born not earlier than 1860 or 1861, might well have justified the jury in finding that he misrepresented his age in his application.

Upon the other hand, two witnesses testified in person that deceased was born in 1862, and were cross-examined at length before the jury, and two witnesses testified by deposition to facts indicating 1862 to have been the year of deceased's birth. While this evidence is, in a measure, discounted by the fact that both of these witnesses who testified in person located the birthplace of deceased as having been in Clark county, Missouri, and ten or a dozen witnesses, including all the relations, fixed his birthplace as Scotland county, Missouri, yet both of these witnesses certainly knew deceased in his early childhood in Macon

county, Missouri, and the question of their credibility was for the jury.

On the former appeal we held that there was substantial evidence upon which the verdict of the jury could rest, and in the last trial the only material change in the testimony is the admission of the marriage license of deceased and the testimony of several additional witnesses to the effect that deceased was born in Scotland county, or that his parents did not live in Clark county at the time of his birth. As the recital in the marriage license is by no means conclusive, and as the place of birth does not go directly to the time of birth, and the evidence in this respect was offered more for the purpose of discrediting the testimony of respondents' witnesses than to establish the facts in issue, we do not feel justified in disregarding the verdict of the jury and substituting our judgment upon the facts. As was said in our former decision of this case:

"Whatever the rule may be in other jurisdictions, it is well settled in this state that, where a cause is tried to a jury, and the trial court declines to grant a new trial in response to the contention that the verdict is against the weight of the evidence, this court will not disturb the holding of the trial court, even though it may believe that the weight of the evidence is against the verdict of the jury, unless it shall appear that the trial court abused its discretion in refusing to grant a new trial. *Mattson v. Eureka Cedar Lumber & Shingle Co.*, 79 Wash. 266, 140 Pac. 377; *Independent Brewing Co. v. McCrimmon*, 85 Wash. 610, 148 Pac. 787; *Payzant v. Caudill*, 89 Wash. 250, 154 Pac. 170."

It is contended that the trial court erred in rejecting a certified copy of an agreement, dated May 25, 1880, between Robert W. Armstrong and Edwin Armstrong, by which the former transferred to the latter

all of his personal property in consideration of his own support during his lifetime and the support of the grantor's youngest children until they should be capable of self-support, arguing that, because an infant is under disability to contract, this contract would be evidence that Edwin Armstrong was an adult at the time of its execution. Aside from the fact that the paper was in nowise identified and that there is nothing but the similarity of names to connect it with the deceased and his father, we think it not competent evidence of the age of the deceased. While in an action upon a contract the law will presume the maker to have been competent to bind himself, until the contrary is shown, yet, assuming that Edwin Armstrong, therein named, was in fact the deceased, we do not think this can be regarded as an admission by him against interest, or that any presumption necessarily arises therefrom as to his age. A minor's contracts are voidable only, not void, and the father might have many reasons to emancipate the son and convey property to him during his minority. For these reasons, and because he had already testified to a lack of knowledge on the subject, it was not error to limit the cross-examination of the witness Charles Armstrong with reference to this contract.

We find no error in the ruling sustaining an objection to the question as to what the deceased wife of the witness Riebel had told him was the date of her birth, or what the family record showed her age to be. In any event, the witness was permitted to testify as to his wife's age from his own knowledge, and as he fixed her age in accord with appellant's contentions, appellant was not in anywise injured by the ruling complained of.

Again, it is urged that it was error to permit Walter Armstrong to testify to a conversation which occurred

some eighteen or nineteen years before between his father and mother regarding the father's age, and that his father then and always claimed that he was born in 1862. This testimony relates to a time prior to the making of the application for membership involved here, and apparently was made at a time when there was no reason for speaking other than the truth. We think the evidence admissible. 2 Wigmore, Evidence, § 1482.

Finally, it is contended that the proof of death, which stated deceased was born in 1858, made a *prima facie* case and shifted the burden of proof, and that the court should have so instructed the jury. We said in *Smith Sand & Gravel Co. v. Corbin,* 75 Wash. 635, 135 Pac. 472:

"Some contention is made rested upon the alleged shifting of the burden of proof. It is said that the admission of the making of the contract on the part of respondent, in effect, constituted the making of a *prima facie* case against him; upon which counsel seem to argue that this resulted in shifting the burden of proof. We do not understand that the establishing of a *prima facie* case sufficient to go to the jury has the result of shifting the burden of proof. The jury are not necessarily bound to find for the plaintiff upon the making of a *prima facie* case. *Prima facie* case means only that the case has proceeded upon sufficient proof to that stage where it must be submitted to the jury, and not decided against the plaintiff as a matter of law. A *prima facie* case does not necessarily mean that judgment goes in favor of the plaintiff as a matter of law. The jury are still the judges of the sufficiency of the showing to call for a verdict in plaintiff's favor, and where there is no affirmative defense, strictly speaking, the jury are to measure plaintiff's rights, having in view that he has the burden of proof."

Finding no error, the judgment is affirmed.

MITCHELL, MACKINTOSH, and MAIN, JJ., concur.

CHADWICK, C. J. (dissenting)—The testimony of the "two witnesses" is so clearly discredited by the testimony of the relatives of the deceased, by the documentary evidence, and by the family Bible, that the motion of the appellant for a judgment notwithstanding the verdict should have been granted. However honestly the "two witnesses" may have spoken, their mistake is evident. That they are mistaken as to the place of birth and the home of the deceased, no one denies, and their testimony as to the time of birth, when robbed of these supports, is so frail that it does not rise to the dignity of evidence. The only facts in the case to hang a verdict on are that appellant is an insurance society, and the man is dead. It may be enough—in insurance cases—but the rule will vex us in the end.

We cannot pass upon the weight of testimony or the credibility of the witnesses, but we can say whether there was *any* testimony in the light of admitted facts and undisputed circumstances. I would add to the quotation from our former opinion "Whatever the rule may be, etc.," the following:

"But this cannot be so when the undisputed circumstances show that the story told by a witness, upon a material issue, cannot by any possibility be true, or when the testimony of a witness, necessarily relied upon, is inherently impossible." *Blumenthal v. Boston & M. R. R.,* 97 Me. 255, 54 Atl. 747.

If I had the time I could cite many cases from our own reports, especially those on negligence, where we have held, as a matter of law, that the testimony of a plaintiff could not carry a case to the jury when overcome by admitted facts and undisputed and undisputable circumstances. It should not be held that the taking of an oath by a witness is enough to sustain

a verdict which we all know to be unfounded and unjust.

The test is: If the trial judge had dismissed the case on the ground that there was no credible testimony to sustain the verdict, would we have reversed the case? Assuredly not. Then why may we not say the same when the appeal is prosecuted by the other party. The judgment of the lower court should be set aside and the case dismissed.