Mary A. Baston, Admx.

*vs.*

Thomas S. Thombs.

Cumberland.    Opinion September 5, 1928.

*Drummond & Drummond,*
*William B. Mahoney,* for plaintiff.
*Ralph W. Farris,* for defendant.

Sitting: Wilson, C. J., Philbrook, Dunn, Deasy, Barnes, JJ.

Dunn, J.   While in the act of walking across a public street in Falmouth, Harriet L. Skillin was struck by a motor truck which the defendant owned and his employee was driving.   Miss Skillin sustained injuries from which she died in an hospital about five hours afterwards.   The plaintiff, who is the administratrix of the estate of the decedent, averred in the declaration in her writ that the collision occurred under circumstances making the defendant liable, and on issue joined the jury so found.   In this court liability is tacitly conceded.   The specific point discussed in the brief of counsel for the defendant, in support of the motion for a new trial, is excessiveness in the award of damages.

Deceased was seventy-six years old. Both bones of her right leg were badly fractured below the knee; her left arm was broken; across the back of her head, just above the junction of the neck, there was a wound three inches in length and down to the bone; abrasions and bruises were numerous; and there was marked manifestation of the presence of that intangible but nevertheless real thing which medical men call traumatic shock.

There was evidence of her exclamations and that she moaned to some extent, of her inquiries and statements as to her condition, and of her answers to questions, from which the jury could have found that conscious physical pain was keenly suffered by the injured woman until the half-hour next preceding her death.   And it could have been found from the words it was testified that she spoke to the driver of the truck, who exercised himself to make whatever contribution he could toward the care and comfort of the woman, that from the time of the accident she was apprehensive of the imminence of death.

The general underlying rule upon which in a case of this kind damages are given is based on the single idea of compensation.

Damages were not asked in this case, and on the evidence could not consistently have been given, for the purpose of punishment or example, but simply and solely for the purpose of compensation, to make whole as far as might be and as near as could be, regarding the situation at the time of Miss Skillin's death, as the brief says the charge of the trial judge illustrated it, as though Miss Skillin had walked out of the hospital and asserted that she felt as well as she ever did before she was hurt.

Loss of time, ordinarily an element of damages, is stated in this case by the one side and the other to be negligible. The element of reimbursement for necessary and reasonable expenses and for professional attention and nursing incurred properly and reasonably is not in dispute, the total amount being $110. The controverted proposition is the allowance in round numbers of $1900 for physical pain and mental anguish.

Damages for conscious physical pain and mental suffering are exceedingly hard for any jury to determine satisfactorily. These elements are not things that in any case could be demonstrated or calculated; they can never rigidly, and so to speak mathematically, be proved; they are not what any member of the jury, or anybody else, would consent to suffer similar bodily and mental pain for, but what in the cool and dispassionate discretion of the twelve jurors as reasonable, practical men would compensate an injured one, legally entitled to be compensated at the expense of a defendant, for such pain and anguish, as the jury deduce from the evidence, the injured one endured.

It is said in argument that $1900 for pain and anguish, even though the pain and anguish were intense, for so short a period as approximately five hours, is clearly excessive. The award is liberal, but the recovery is not so large as manifestly to indicate that it was made by the jury in disregard of testimony, or that the jury erred, influenced by prejudice, passion or corrupt motive. The question in every such trial involves essentially one of fact; it is a matter of judgment, and men are unequal in judgment. There are degrees of suffering; the brain of one human being might suffer more from a like injury than the living units of the brain of another, in their serried millions, could stand; the stopping place

for allowance being the point where in consciousness the heart ceases to beat and the breath to ebb and flow.

Defendant cites the case of *Ramsdell* v. *Grady*, 97 Maine, 319. The action was against a physician for malpractice. The only damages of any amount were those resulting from bodily and mental pain from Monday to Saturday of the same week, when the patient died. The jury awarded $3000. It was ordered that this be reduced to $1500, and if unsatisfactory to the prosecuting administrator, that a new trial be held. Twenty-five years have gone since then and the purchasing power of the dollar is appreciably less. Nor is this all. Only part of the suffering the decedent had known was due to the negligence of the physician; the patient might have suffered and died even if the physician had correctly diagnosed the ailment as diphtheretic and treated it accordingly. *Stone* v. *Lewiston, etc. Railway*, 99 Maine, 243, distinguishes the Ramsdell Case.

In the Stone case, supra, a passenger on a street car was knocked to the ground and run over and injured. He suffered agonizing physical and mental pain till his death the next day. The jury awarded $5000. The award withstood a motion to avoid it on the ground of excessiveness.

In determining whether a verdict is excessive, since there is no exact rule for the measurement of damages, each case must be ruled chiefly on its own facts and circumstances. The amount is primarily fixed by the jury. It is not for the reviewing court to interfere merely because the award is large, or because the court would have awarded less. Unless a verdict very clearly appears to be excessive, upon any view of the facts which the jury are authorized to adopt, it will not be disturbed. *Donnelly* v. *Booth Brothers etc. Granite Co.*, 90 Maine, 110; *Boyd* v. *Bangor etc. Co.*, 111 Maine, 332; 8 R. C. L., 674. In the instant situation the amount of the award is big, but on review the line between it and a smaller amount cannot be drawn with valid reason, and hence the determination on the part of the jury must be accepted as final.

*Motion overruled.*