BERTHA E. MCNAMEE, ADMINISTRATRIX
*vs.*
GROVER D. LOVEJOY.

Kennebec.    Opinion, September 26, 1942.

*Harvey D. Eaton,* for the plaintiff.

*Locke, Campbell & Reid,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MURCHIE, J. This case presents the single issue whether a jury verdict, rendered on facts which demonstrated the liability of the defendant with such clarity that there was no attempt to contest that issue, should be set aside as excessive.

The injuries to plaintiff's decedent caused him approximately three-quarters of an hour of conscious suffering, and death following a coma which lasted but a few hours. The jury assessed damages at slightly more than $3,250. Defendant brings the case forward on general motion, but while point is made that the verdict is against the charge given to the jurors (a conclusion dependent upon finding the money figure entirely too large), his chief reliance is that the case falls within the principle declared in *Ramsdell, Adm'x.* v. *Grady*, 97 Me., 319, 54 A., 763. In that case, an award of $3,000 for mental anguish and bodily pain suffered over a period of five days, with only a strong probability that there was some apprehension of death at times, was reduced to $1,500, or $300 per day.

There can be no question on the authorities either that this Court should, and will, grant relief to a defendant whenever it seems apparent that a jury has made an excessive award "influenced by prejudice, passion or corrupt motive" or that the true measure of damages, in such a case as the present, is compensation for the conscious suffering, both physical and mental, of the decedent, and nothing more, except out-of-pocket expense for care and nursing and the loss of earnings between the times of injury and death, both of which are here negligible. The measure of damages cannot be increased because a life has been lost, because decedent was a breadwinner, actually or potentially, or because of any sentimental consideration. *Ramsdell, Adm'x.* v. *Grady*, supra; *Baston, Adm'x.* v. *Thombs*, 127 Me., 278, 143 A., 63.

Application of the principle declared in *Ramsdell, Adm'x.* v. *Grady*, supra, has been curtailed or restricted by decisions in *Stone, Adm'x.* v. *Lewiston, Brunswick & Bath Street Railway*, 99 Me., 243, 59 A., 56, and *Baston, Adm'x.* v. *Thombs*, supra, in both of which careful distinction was drawn between cases

where all the suffering compensated could be traced to the negligence of a defendant, and those where an indeterminate part of it would necessarily have been suffered notwithstanding such negligence. In the *Baston* case, attention is called to another basis of distinction, even more vital today than when the decision was written, namely, that the purchasing power of the dollar, as of the date of decision in the *Ramsdell* case, was greater than at the time then current. This of necessity means that it was very substantially greater than at present.

"Damages for conscious physical pain and mental suffering are exceedingly hard for any jury to determine satisfactorily," as Mr. Justice Dunn stated in the *Baston* case, supra. The charge of the Justice presiding in the Trial Court discloses that the jurors were properly instructed on the applicable law, and his comment, that counsel for the respective parties, in their arguments, had "fairly, ably and correctly stated the rule," carries earnest that the whole case was conducted on that plane best calculated to eliminate prejudice or any motive that would control calm and dispassionate judgment.

It is recognized, in our system of jurisprudence, as Chief Justice Wiswell declared in *Blumenthal* v. *Boston & Maine Railroad*, 97 Me., 255, 54 A., 747, that it is the right of a litigant to have certain issues "submitted to the tribunal created by the constitution and the laws" for their determination. This comment was made in a case where exceptions to the ordering of a non-suit were overruled, but it is equally applicable to such a question as the measurement of damages in terms of money. An appellate court has jurisdiction to correct jury error, when factual decision is clearly wrong, or a damage award is manifestly excessive.

The verdict under review is a large one, measured with reference to the sharply restricted time interval which covered the conscious life of the injured party following the negligent act, but it is meaningless to compute, as the defendant does, what it would represent, on the basis of an hourly rate, for a longer interval. In *Stone, Adm'x.* v. *Lewiston, Brunswick & Bath*

*Street Railway*, supra, Mr. Justice Spear, upholding a verdict for $5,000, in a case where the deceased lived for five or six hours following injuries perhaps more shocking and more painful than those under consideration, remarked that the decedent "suffered about all that man can suffer in this world including death itself."

If one may suffer "about all that man can suffer in this world" in the span of that five or six hour interval which represented all of the lifetime of the decedent following injury in the *Stone* case, supra, it does not seem proper for this Court to declare that the present award, fixing an approximate $3,250 (current dollars) as the fair measure of compensation for what was suffered by Rex McNamee as the direct result of this defendant's negligence, is so excessive as to justify intervention.

*Motion overruled.*