LORRAINE LABRIE, PRO AMI *vs*. MAURICE LORD.

HENRY LABRIE *vs*. MAURICE LORD.

Kennebec.      Opinion, January 11, 1946.

*Jerome G. Daviau*, for the plaintiffs.

*Locke, Campbell & Reid*, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, TOMPKINS, JJ.

PER CURIAM.

The plaintiff Lorraine LaBrie, a minor eleven years of age at the time, suffered injuries when run down while crossing a public highway by a motor vehicle owned and operated by the defendant. She sues by her father and next friend to recover for her personal injuries. The plaintiff Henry LaBrie, the father, seeks to recover for his financial loss traceable to the damage suffered by his daughter and the loss of her services.

The cases were tried together and a jury verdict returned for the defendant in each. They are brought forward on general motions for new trial containing the usual allegations.

The evidence viewed as a whole discloses considerable conflict of testimony as to the speed at which the defendant's truck was traveling when the injured child emerged from behind a parked ice truck which the defendant was about to pass, and the length of the marks made upon the surface of the highway by his tires when his brakes were sharply applied upon seeing her. To a lesser extent there is conflict as to the exact spot where the child was located at impact, the point at which she was later picked up, the distance she had traversed after coming within the range of defendant's vision, the rapidity of her progress across that short space, and whether she was still in motion, or stationary, when struck. All present typical questions of fact for jury determination and the motions must be considered in recognition that the controlling ones were decided favorably to the defendant by those who heard the evidence and had opportunity to observe the witnesses on the stand.

It is asserted on behalf of the plaintiffs that defendant's testimony is inherently incredible. This claim is grounded solely in the fact that at the lowest estimate of his speed when he first saw the child (25 miles per hour) the time interval before impact was

insufficient for her to do all the things he testified he saw her do, i.e., dance, run, walk and stop. In support of the contention we are cited to *Brisson* v. *Glen Falls Insurance Co.*, 119 Me., 355, 111 A., 417. Other descisions of this Court on the point are found in *Blumenthal* v. *Boston & Maine Railroad*, 97 Me., 255, 54 A., 747, and *Rovinsky* v. *Northern Assurance Co.*, 100 Me., 112, 60 A., 1025.

The *Blumenthal* case, arose on exceptions to a nonsuit which were overruled because the only testimony which could have supported a verdict for the plaintiff was characterized as "inherently impossible." The *Rovinsky* case, like the *Brisson*, presented a motion for new trial following a jury verdict for the plaintiff and a new trial was granted on the ground that the only testimony which could support it on an essential point was "unreasonable and incredible." The characterization used in the *Brisson* case, was that controlling testimony was "incredible." These cases all disclose bases for disregarding testimony which is much more tangible than that relied upon in the present instance.

In one of its most pertinent aspects the evidence of the defendant was corroborated by the police officer who reached the scene within minutes after the accident. This related to the issue of defendant's alleged negligence but whether the verdict was grounded in factual finding that such negligence was not established by a preponderance of the evidence or that the plaintiff Lorraine LaBrie did not use that degree of care to be reasonably expected of a child of her age, there is no justification in the record for this Court to disturb it. On whichever ground the jury action was based the case of Henry LaBrie must fail with that of his daughter. Identical mandates in the two cases must be

*Motion overruled.*