[No. 3422.  Decided December 6, 1899.]

A. J. BENDER, *Appellant,* v. GEORGE W. RINKER *et al., Respondents.*

APPEAL—REVIEW OF ORDER GRANTING NEW TRIAL.

The action of the superior court in granting a new trial will not be reviewed on appeal, when the record does not disclose the grounds upon which the action of the court was based.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Nash & Nash,* for appellant.

*Crow & Williams,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—This appeal is from an order setting aside the verdict of a jury and granting a new trial. In *Bender, respondent, v. Rinker, defendant, and Voss, appellant,* just decided, *ante,* p. 633, we were called upon to determine the right of plaintiff to an attachment in this action. The motion for a new trial in the present case was made by the defendant Voss, and based upon all of the statutory grounds, including insufficiency of the evidence and excessive recovery. The order is general in its terms, and does not specify any particular ground upon which the new trial was awarded. Nor do counsel agree as to the ground upon which the lower court predicated the conclusion. Under the circumstances, we are unable to determine upon which ground of the motion the new trial was granted. If it was because of the alleged insufficiency of the evidence to justify the verdict, that was a matter within the discretion of the lower court, who heard and saw the witnesses; and the conclusion reached thereon would not be disturbed by this court, excepting for an abuse of discretion, and where, as here, the evidence at the trial is conflicting this court will not disturb the conclusion of the trial court upon such a motion. On the other hand, if it was for alleged errors of law occurring at the trial, and it could be ascertained from the record that such were the reasons for awarding the new trial, an appeal from such an order would present a clear-cut legal question, and a ruling of the lower court in such a case would not involve the exercise of any discretion, and this court would unhesitatingly review it. The difficulty with the present case is that it is impossible to determine whether the new trial was awarded upon a ground concerning which the

law has invested the lower court with a discretion, or not; and under such circumstances, following our previous decisions, the order must be affirmed. *Rotting v. Cleman,* 12 Wash. 615 (41 Pac. 907), and authorities there cited; *Corbitt v. Harrington,* 14 Wash. 197 (44 Pac. 132); *Friedman v. Manley, ante,* p. 43 (56 Pac. 834); *Holgate v. Parker,* 18 Wash. 206 (51 Pac. 368).

So ordered.

DUNBAR, FULLERTON and REAVIS, JJ., concur.