[No. 6675. Decided July 8, 1907.]

THOMAS W. PROSCH et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

NEW TRIAL—GROUNDS—EXCESSIVE VERDICT. It is not an abuse of discretion to grant a new trial where the jury rendered a manifestly excessive verdict, although an offer was made to remit a portion of the sum.

APPEAL—REVIEW—PRESUMPTIONS—NEW TRIAL. Where a new trial may have been granted on one of several grounds, the order will not be reversed if within the discretion of the court upon any grounds.

Appeal from an order of the superior court for King county, Morris, J., entered June 13, 1906, granting a new trial, after a verdict of the jury rendered in favor of the plaintiffs, in an action for damages to a house caused by the negligent grading of a street. Affirmed.

[1]Reported in 90 Pac. 920.

*Aubrey Levy* and *Blaine, Tucker & Hyland,* for appellants.
*Scott Calhoun* and *Elmer E. Todd,* for respondent.

HADLEY, C. J.—This suit was brought to recover damages to a house, occasioned by the negligent manner of grading a street by the city of Seattle. The grade as made required a cut of considerable depth in front of the plaintiffs' lot upon which the house stood. This cut resulted in a sliding or moving downward of the surface of the lot, which caused the building to topple over and fall. It is the theory of the plaintiffs that the city was negligent in the manner it did the work, and that the damage was the direct result of such negligence. The city denies negligence. The cause was tried before a jury, and a verdict was returned for the plaintiffs in the sum of $589. The city moved for a new trial, which was granted, and from an order granting a new trial the plaintiffs have appealed.

There is nothing contained in the order granting the new trial which shows upon what ground it was granted, unless it may be inferred from the following sentence at the conclusion of the order: "The said plaintiffs in open court waive any and all sums upon said verdict in excess of the sum of $500." The waiver shown by the above quotation was in practical effect an admission on the part of the appellants that the verdict was excessive in amount. That it was such we think is apparent from the record. There was no direct testimony that the value of the injured house was more than $500, yet the verdict returned was for $89 in excess of that amount. It is true the appellants appear to have offered to remit the excessive amount, but the testimony as to the full value which formed the basis as to the measure of damages, and also as to the actual damages, was not uniform. The highest estimate was $500, and in view of all the evidence, a manifestly excessive verdict having been returned, we think it was within the court's discretion to grant a new trial notwithstanding the offer to remit a given amount. It should not be

held that the order of the court was an abuse of discretion in the particular mentioned, even if that was the sole ground upon which it was made.

What if any other reasons may have actuated the court in the making of its order do not appear. Several statutory grounds were recited in the motion for a new trial. It is established, however, that where the record shows that a motion for new trial was made upon several grounds, but does not show upon what ground the ruling of the court was based, the order granting a new trial will not be reversed if it was within the sound discretion of the court to make the order upon any of the grounds stated. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Bender v. Rinker,* 21 Wash. 636, 59 Pac. 504; *Hughes v. Dexter Horton & Co.,* 26 Wash. 110, 66 Pac. 109.

The judgment is affirmed.

FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.