[No. 7275.   Decided October 14, 1908.]

JOHN BEST, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

NEW TRIAL—ORDER GRANTING—SPECIFICATION OF GROUNDS—NECESSITY. In granting a new trial, asked on several grounds, it is discretionary to make a general order without stating specific reasons therefor, and not error to refuse a request to state the specific grounds.

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION. An order granting a new trial for insufficiency of the evidence cannot be reviewed on appeal except for abuse of discretion.

SAME—REVIEW. Where a new trial, asked on several grounds, one being the insufficiency of the evidence, was granted without specifying the grounds, the order cannot be reversed on affidavits that only one ground was considered.

Appeal from an order of the superior court for King county, Frater, J., entered December 4, 1907, granting a new trial on motion of the plaintiff, after a verdict of the jury rendered in favor of the defendant, in an action for personal injuries. Affirmed.

[1]Reported in 97 Pac. 772.

*Scott Calhoun* and *James E. Bradford*, for appellant.

*Longfellow & Fitzpatrick* and *Reynolds, Ballinger & Hutson*, for respondent.

CROW, J.—Action by John Best against the city of Seattle, to recover damages for personal injuries. On trial the jury returned a verdict in favor of the defendant. Thereafter and on plaintiff's motion an order for a new trial was made and entered, from which the defendant has appealed.

Respondent's motion for a new trial was based on two grounds, (1) insufficiency of evidence to sustain the verdict, and (2) error of law occurring at the trial. The order granting the new trial was general in its terms, and failed to disclose the particular grounds upon which the action of the trial court was based. Thereafter the appellant, by motion, supported by affidavits now a part of the record, asked the trial court to modify its former order by setting forth and stating therein the particular grounds upon which the new trial was granted. The trial court, by written order, denied this motion. By its affidavits the appellant contended that the sole ground on which the new trial was granted was that the trial court had erred in one of its instructions to the jury, and that no other question was presented or considered. Appellant now makes the following assignments of error: (1) That the trial court erred in refusing to sign an order setting forth its reasons for granting the new trial; (2) that it erred in refusing to grant appellant's motion to modify its order granting the new trial; and (3) that it erred in granting the new trial.

The record is devoid of any order or other statement of the trial judge setting forth any particular reason for the granting of respondent's motion. It was unquestionably within the discretion of the trial court to sign and enter a general order without stating specific reasons, where several grounds were incorporated in the motion. It would be a novel and unwarranted proceeding for this court, acting solely upon affidavits

of the parties and their witnesses, to now reverse the trial court, by holding that it considered but one ground for a new trial, that it granted the motion upon that ground only, and that it erred in not signing and entering an order reciting the fact, especially when we would be doing so in the absence of any written order or statement of the trial judge disclosing the points considered and determined by him. Appellant's contentions based upon its first and second assignments of error are without merit and cannot be sustained.

The order made and entered by the trial court having failed to disclose the grounds upon which its action was based, the same cannot be reviewed by us upon this appeal. We are unable to determine from the record the particular ground upon which the motion was granted. If it was because of insufficiency of evidence to sustain the verdict, one of the grounds assigned in the motion, that was a matter within the sound discretion of the trial judge who heard the conflicting evidence, saw the witnesses, observed their manner upon the stand, and heard them testify. His conclusions thereon could be disturbed in this court only for an abuse of discretion, which has neither been shown nor claimed. *Bender v. Rinker*, 21 Wash. 636, 59 Pac. 504; *Colvin v. Northern Pac. R. Co.*, 42 Wash. 5, 84 Pac. 616.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, MOUNT, and FULLERTON, JJ., concur.

RUDKIN and ROOT, JJ., took no part.