[No. 9389. *En Banc.* July 24, 1911.]

THOMAS & COMPANY, *Respondent*, v. WHITMAN A. HILLIS
et al., *Appellants*.[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION. An order granting a new trial for insufficiency of the evidence to sustain the verdict will not be disturbed where the evidence of witnesses, seen and heard by the trial judge, is conflicting, and no clear abuse of discretion appears.

Appeal from an order of the superior court for King county, Gay, J., entered January 24, 1911, granting a new

[1]Reported in 116 Pac. 854.

trial for insufficiency of the evidence, after the verdict of a jury rendered in favor of the defendants, in an action on a promissory note.   Affirmed.

*Earle & Steinert* and *Peters & Powell*, for appellants.
*Hamlin & Meier*, for respondent.

ELLIS, J.—Action by respondent upon a promissory note for $4,312.50, alleged to have been made and delivered to Northern Pacific Irrigation Company by appellants, and indorsed after maturity to respondent.   The answer admits the signing of the note, denies delivery, and sets up as an affirmative defense that the note was signed as part of a transaction in which respondent acted as agent for the irrigation company in the sale of certain lands to appellants; that a contract for the purchase of the lands was signed by appellants and, together with the note, was left with the respondent upon a promise not to deliver the same without the consent of appellants; that the promise was made to defraud the appellants, and the note was secured by fraud and without consideration.   The affirmative matter in the answer was put in issue by the reply.   The cause was tried to a jury and a verdict returned for appellants.   Respondent moved for a new trial, and the court granted the motion on the ground that the evidence was insufficient to justify the verdict and that the verdict was against the evidence.   From the order granting a new trial, this appeal was prosecuted.

The appellants contend that the court erred in granting a new trial, because the verdict was sustained by competent evidence, in no way conflicting, showing that the respondent agreed to make a contract satisfactory to appellants, which it never did.   It is conceded that, on respondent's solicitation, appellants, on December 17, 1909, went to Kennewick, looked over the land, paid $500 earnest money on the purchase, and entered into a preliminary agreement or memorandum of sale with the irrigation company.  This memo-

randum, after acknowledging payment of the earnest money, specifies the deferred payments, the first of which was for $4,312.50, payable on or before February 1, 1910, and stipulates as follows:

"It is further agreed that on payment of first payment in full by purchaser, said company will prepare a contract in duplicate on its regular printed form embodying the terms of sale of said lands together with its regular water right agreement, and deliver one copy thereof to purchaser, after the same is executed by both parties. It is further agreed that said purchaser shall forfeit all sums paid as liquidated damages in case of failure to pay the balance of said first payment at the time and in the manner herein provided, time being of the essence of this agreement."

The appellants' evidence tends to show that the note and final contract were signed at the office of respondent in Seattle on January 7, 1910, and were left with the respondent upon a promise not to deliver them to the irrigation company until appellants had time to examine the contract; that on examination the appellant Hillis objected to the contract, and one Marsolais, vice president of the respondent, said: "Well, we will make the contract satisfactory to you," and that the contract was never made satisfactory. The respondent's evidence is in direct contradiction of the simultaneous signing of the note and contract, and is to the effect that the note was signed some days before the contract was signed, and even before the contract was prepared; that the note was made and delivered by the appellant Hillis to respondent for the purpose of securing an extension of time from the irrigation company on the first payment, which was, under the memorandum of agreement, to be paid before the final contract should be prepared. The evidence further tends to show that, by means of the delivery of said note to the irrigation company, the desired extension was secured. Manifestly, if this is true, the appellant Hillis signed the note and authorized its delivery prior to any promise to make the contract satisfactory, and solely upon the promise

contained in the memorandum to prepare the contract in duplicate on the irrigation company's regular printed form embodying the terms of sale, together with its regular water agreement. If this is true, the note was not secured by fraud nor without consideration. It is not claimed that the contract did not conform to the memorandum agreement. It seems plain that the vital issue in the case was as to the time and purpose of the signing of the note, and there was a direct conflict of evidence as to these.

Moreover, while the promise to make the contract satisfactory was not disputed, there was evidence tending to show that the appellant Hillis placed his duplicate of the contract in the hands of an attorney, indicated the changes desired, and authorized him to act for appellants; that the attorney wrote to the irrigation company pointing out the changes desired; that certain changes were agreed to by the irrigation company, and that the attorney expressed himself as satisfied therewith. The attorney testified that he never stated that the changes were sufficient, thus making a conflict in the evidence on this point also.

A motion for new trial is necessarily addressed to the discretion of the trial court, and this court has steadfastly adhered to the rule that, where the motion has been granted for insufficiency of evidence, the order will not be disturbed, "unless the evidence be undisputed or it appears that there has been a clear abuse of discretion." *Sylvester v. Olson*, 63 Wash. 285, 115 Pac. 175.

Upon a careful review of the evidence we are satisfied that there was sufficient conflict therein on the material issues to invoke the discretion of the trial court, whose duty it was to weigh the testimony of witnesses whom he saw and heard testify. *Best v. Seattle*, 50 Wash. 533, 97 Pac. 772; *Angus v. Wamba*, 50 Wash. 353, 97 Pac. 246; *Farrell Co. v. Ihrig*, 50 Wash. 281, 97 Pac. 52; *Faben v. Muir*, 59 Wash. 520, 109 Pac. 798; *Hughes v. Dexter Horton & Co.*,

26 Wash. 110, 66 Pac. 109; *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907.

· We are not convinced that in this case there was an abuse of discretion. The judgment is affirmed.

DUNBAR, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.