[No. 9765. Department One. June 1, 1912.]

M. W. Holloway, *Appellant*, v. George M. Savage *et al.*, *Respondents.*[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION. An order granting on general terms a motion for a new trial based on several grounds, without specifying on what ground the ruling is made, will not be disturbed on appeal if within the discretion of the trial court upon any ground, it not appearing to have been granted solely upon questions of law; and the supreme court will not anticipate and decide questions of fact raised for guidance on a retrial.

Appeal from an order of the superior court for Pierce county, Easterday, J., entered July 13, 1911, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained by an employee engaged in installing heavy machinery. Affirmed.

*Govnor Teats, Hugo Metzler, Leo Teats,* and *Ralph Teats,* for appellant.

*John A. Shackleford* and *Kerr & McCord,* for respondents.

CROW, J.—Action by M. W. Holloway against George M. Savage and W. R. Nichols, copartners, to recover damages for personal injuries. The jury returned a verdict for $15,-000, upon which judgment was entered in plaintiff's favor. Thereafter the trial judge made and entered an order granting a new trial, from which plaintiff has appealed.

Appellant, an employee of respondents, was engaged as foreman in the work of installing certain machinery, including a large flywheel, about ten feet in diameter. One Cummings, respondents' chief engineer, superior in rank to appellant, directed appellant to delay the work until he—Cummings—could construct a crane to be used in placing the wheel. This crane, which was built under the orders of Cummings, without assistance or suggestion from appellant,

[1]Reported in 123 Pac. 1021.

consisted of two parallel rows of heavy upright timbers, capped with horizontal timbers. These horizontal timbers were parallel, and about eighteen or twenty feet apart. On each of them were two iron rails, upon which a carriage was to pass back and forth. The carriage consisted of two heavy parallel timbers so framed as to leave a space of about six inches between them. Each end of the carriage rested upon a short cross-piece to which it was bolted at right angles, sheet metal being attached to the underside of the cross-pieces. These cross-pieces then rested upon the iron rails, and were to be moved back and forth by using small rollers. The carriage, from which a half segment of the heavy flywheel was suspended, could be readily moved to and fro upon the crane without danger.

Appellant alleged that respondents were negligent in failing to provide him a safe appliance with which to work or a safe place in which to work, in that they failed to attach flanges or other suitable appliances to the ends of the carriage, so that it could not slip from the crane if subjected to a lateral strain. Without going into details, it may be stated that, during the progress of the work, it was subjected to a sudden lateral strain; that it slipped from the crane and fell upon appellant, causing the injuries of which he complains. At the time of the accident, appellant was directing the use of the crane, the placing of the flywheel, and the men doing the work. Cummings stood near by but gave no orders. Respondents pleaded the defenses of contributory negligence and assumption of risk.

The motion for a new trial was predicated upon numerous grounds, including irregularity of proceedings, misconduct of the jury and of the prevailing party, accident and surprise, excessive damages, insufficiency of evidence to sustain the verdict, and errors in law occurring at the trial. The order granting the new trial was general in its terms, failing to specify the particular ground upon which it was predicated. Appellant insists it was granted because the trial

judge concluded the defense of assumption of risk should
not have been submitted to the jury. The difficulty with
this contention is that the record fails to show the ground
upon which the motion was granted. It may have been that
the trial judge concluded the evidence was not sufficient to
sustain the verdict, or that the damages were excessive, the
result of passion and prejudice. Other reasons may have
existed. We have repeatedly held that a motion for a new
trial is addressed to the sound discretion of the trial judge,
who is thoroughly familiar with all that occurs at the trial,
and that we will not review an order granting a new trial
which may have been predicated on matters resting within
the discretion of the trial judge, where no abuse of discre-
tion has been shown. Should it appear from the record that
a new trial has been granted solely upon questions of law, the
order may be reviewed as one that does not involve discretion,
but no such showing is here made. Appellant has procured
no order disclosing the particular ground upon which the
new trial was granted, and is in no position to have this
court review the order actually entered. In *Snider v. Wash-
ington Water Power Co.,* 66 Wash. 598, 120 Pac. 88, we
said:

"We have held by an unbroken line of decisions that a
motion for a new trial is necessarily addressed to the sound
discretion of the trial court, and when the motion has been
granted for insufficiency of evidence the order will not be
disturbed unless the evidence is undisputed or the discretion
has been clearly, and as said in one case, grossly abused. 'A
motion for a new trial is addressed to the sound discretion of
the court and will not be interfered with on appeal unless it
is manifest that the discretion vested in the court was grossly
abused.' *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907.
See, also, *Sylvester v. Olson, supra; Best v. Seattle,* 50
Wash. 533, 97 Pac. 772; *Angus v. Wamba,* 50 Wash. 353,
97 Pac. 246; *Faben v. Muir,* 59 Wash. 250, 109 Pac. 798;
*Welever v. Advance Shingle Co.,* 34 Wash. 331, 75 Pac.
863; *Hughes v. Dexter Horton & Co.,* 26 Wash. 110, 66
Pac. 109; *Thomas & Co. v. Hillis,* 64 Wash. 288, 116 Pac.
854."

Appellant evidently desires this court to discuss the question whether the evidence required the submission of the defense of assumption of risk to the jury. Such a discussion could serve no good purpose, as we might or might not thereby consider the question which controlled the action of the trial judge. On another trial the evidence may or may not be the same, as it is possible that additional evidence might be discovered and produced. When a general order is made granting a new trial, and no abuse of discretion can be shown, the parties should proceed with the trial, instead of appealing to this court in the hope that questions of law may be determined for their guidance in a retrial. Were we to favor the latter procedure, we would encourage the practice of trying cases by piecemeal and on repeated appeals, when one appeal should suffice.

The judgment is affirmed.

DUNBAR, C. J., PARKER, GOSE, and CHADWICK, JJ. concur.