[No. 21634. Department One. May 2, 1929.]

SID APPLEWHITE, *Appellant*, v. JEANETTE WAYNE, *Respondent*.[1]

*John I. O'Phelan,* for appellant.
*Welsh & Welsh,* for respondent.

FULLERTON, J.—The appellant, Applewhite, as plaintiff, brought this action against the defendant, Wayne, to recover for money loaned, consisting of a number of items. There was a denial as to certain of the items, and a plea of payment as to the remainder. On a trial by jury, a verdict was returned in favor of the plaintiff for something less than his demand. The defendant moved for a new trial, basing her motion upon a number of the statutory grounds. These included irregularities in the proceedings which prevented the defendant from having a fair trial, misconduct on the

[1]Reported in 277 Pac. 84.

part of the prevailing party and the jury, insufficiency of the evidence to justify the verdict, and errors of law occurring at the trial and excepted to at the time. On a hearing upon the motion, the court entered an order granting it, the operative part of the order reading as follows:

"It is hereby considered and ordered that the said motion for a new trial be and the same is hereby granted."

It is from this order that the present appeal is prosecuted.

The appellant contends in this court that the motion was granted because of supposed errors in the instructions given to the jury by the trial court, and argues that the instructions were not erroneous. But if this be the ground upon which the new trial was granted, the record does not present the question in such a manner as to enable us to review it. The motion, it will be noted, is based upon a number of grounds, some of which present legal questions which can be reviewed as such, and which would warrant a reversal if prejudicial error be found. Others, again, present questions on which the trial court may exercise a discretion, and which will warrant a reversal on review only when it is found that the discretion has been abused. It will be noted further that the order granting the new trial is general, that is, it does not appear therefrom on which one or more of the several grounds set out in the motion the order is rested. The rule is that, where a motion for a new trial is based on several grounds, and the order does not disclose the ground on which it is rested, the order will not be disturbed on review if it can be soundly rested on any of the stated grounds. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Holloway v. Savage,* 68 Wash. 614, 123 Pac. 1021; *Morehouse v. Everett,* 136 Wash. 112, 238

Pac. 897; *Bone v. Yellow Cab Co.,* 137 Wash. 472, 242 Pac. 1093.

█ In the last two of the cited cases, and in the still later case of *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142, the general rule stated is somewhat further narrowed. It is held that, where a motion for a new trial is based on a number of grounds, and the trial court grants it on a particular ground, the particular ground upon which the court rests its ruling must appear in the order if the review in this court is to be confined to that ground.

Tested by these rules, it is at once plain that our inquiry cannot be confined to the question whether there was error in the instructions of the court. There are grounds stated in the motion on which the order can soundly rest that involve only the discretionary powers of the court, and before we can review the question on which the appeal is presented, we must conclude that it would have been an abuse of discretion on the part of the trial court to have rested its order on any of the discretionary grounds. This the record will not permit us to do. Without noticing other matters occurring at the trial, there was a decided conflict in the evidence. Indeed, on some of the questions of fact necessary to be determined there was only the plaintiff on the one side and the defendant on the other. Clearly, under these circumstances, the court could have granted the motion on the ground of insufficiency of the evidence without abusing its discretion. Since the order granting the new trial does not disclose that it did not do so, it must be affirmed. It will be so ordered.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.