[No. 22803.   Department Two.   May 8, 1931.]

ANNA PETELLE, *as Administratrix, Appellant,* v. B. C. BECK *et al., Respondents.*[1]

*Padden & Moriarty,* for appellant Petelle.

*Shank, Belt, Fairbrook & Rode,* for appellants Bush.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondents.

[1] Reported in 298 Pac. 694.

498

FULLERTON, J.—This is an action brought by Anna Petelle, as plaintiff, against Elizabeth Barclay, B. C. Beck and Elenore N. Beck, his wife, and John M. Bush and Mamie T. Bush, his wife, as defendants, to recover in damages for the death of her husband, Narcisses R. Petelle. The husband was killed at or near the intersection of Mercer street with Harvard avenue, both being public highways of the city of Seattle. He was struck by an automobile driven by the defendant Barclay, who was operating it as the agent and servant of the defendants Beck.

In the complaint of the plaintiff, it is alleged that the accident causing the death was the result of a collision between the automobile driven by the defendant Barclay and an automobile driven by the defendant Mamie T. Bush; negligence in the operation of the automobiles by the respective drivers thereof being alleged. The defendants Barclay and Beck, on the one part, and the defendants Bush on the other, appeared separately and filed separate answers to the complaint, each taking issue on the allegations of the complaint which charged them with liability for the accident.

The action was tried by the court sitting with a jury. The jury returned a verdict in favor of the plaintiff and against the defendants Barclay and Beck in the sum of ten thousand dollars; making no reference in the verdict to the defendants Bush. The court, however, construed the verdict as a finding in favor of the defendants Bush, and the parties to the proceedings do not in this court question this construction.

After the return of the verdict, the defendants Barclay and Beck moved for a new trial, basing their motion on the following grounds:

"I. Irregularities in the proceedings of the court, jury and adverse party by which these defendants were prevented from having a fair trial.

"II. Misconduct of the plaintiff, jury and attorneys for defendants, Bush.

"III. Accident or surprise which ordinary prudence could not have guarded against.

"IV. Newly discovered evidence material for these defendants which it could not with reasonable diligence have discovered and produced at the trial.

"V. Excessive damages appearing to have been given under the influence of passion or prejudice.

"VI. Error in the assessment of the amount of recovery.

"VII. Insufficiency of the evidence to justify the verdict and that it is against the law.

"VIII. Error in law occurring at the trial and excepted to at the time by these defendants."

The plaintiff also moved for a new trial as to the defendants Bush, basing her motion substantially on the grounds set forth in the motion of the defendants Barclay and Beck. The trial court granted each of the motions. The order granting the motion of defendants Barclay and Beck is as follows:

"This matter coming on regularly to be heard before the undersigned Judge of the above entitled Court, upon the motion of the defendants B. C. Beck and Elenore M. Beck, his wife, and Elizabeth Barclay, for a new trial; and it appearing to the Court that the remarks of counsel for the defendants Mamie T. Bush and John M. Bush as set forth in the memorandum decision filed herein were prejudicial to the interest of the defendants B. C. Beck and Elenore M. Beck, his wife, and Elizabeth Barclay, and prevented them from having a fair trial; it is therefore

"ORDERED, ADJUDGED AND DECREED, that the defendants B. C. Beck and Elenore M. Beck, his wife, and Elizabeth Barclay, be and they are hereby granted a new trial on the ground and for the reason that the prejudicial remarks of counsel for the defendants Mamie T. Bush and John M. Bush prevented a fair trial, to which plaintiff excepts and her exception is allowed; it is further

"ORDERED, ADJUDGED AND DECREED, that the other grounds of the defendants' motion be and the same are hereby denied, to all of which the defendants except and their exception is allowed."

The order granting the motion of the plaintiff is as follows:

"This matter coming on regularly to be heard before the undersigned Judge of the above entitled Court, upon the plaintiff's motion for new trial against the defendants John M. Bush and Mamie T. Bush; and the Court being fully advised in the premises; it is hereby

"ORDERED, that the plaintiff is granted a new trial against the defendants John M. Bush and Mamie T. Bush, to all of which defendants except and their exception is allowed."

The plaintiff appeals from the order granting the motion of the defendants Barclay and Beck, and the defendants Bush appeal from the order granting the motion of the plaintiff.

In the first of the quoted orders, it will be observed that the court stated the specific ground upon which the order was rested, and that it denied the motion on all the other grounds stated therein. Turning to the memorandum decision to which reference is made in the order, we find that, when the defendant Barclay was on the witness stand and was being cross-examined by counsel for the defendants Bush, she was asked the following question: "The coroner's jury held you responsible, did it not?" (meaning responsible for the death of Petelle.) To the question an objection was promptly interposed by the attorney for the witness and her co-defendants, which the trial court as promptly sustained. Neither the decision of the court nor the transcript of the testimony, as it is transmitted to this court, shows that any answer was returned to the question by the witness, nor does it

appear elsewhere in the record what the verdict of the coroner's jury was.

We cannot think there was here a sufficient ground upon which to grant a new trial. Had the respective defendants been adversaries in the sense that the one was seeking a judgment against the other and the one obtaining the judgment had propounded to the other the question here propounded, it would be hard to conceive that it was of such a prejudicial nature as to warrant a new trial. It is true that in the case of *Sullivan v. Seattle Electric Co.*, 51 Wash. 71, 97 Pac. 1109, 130 Am. St. 1082, we held it reversible error to permit the verdict of a coroner's jury to be shown under circumstances similar to those here presented; but the verdict in this instance was not shown; it was only attempted to be shown, and we can see no difference between it and the ordinary instance where inadmissible testimony is offered and rejected by the court.

But even this is not the situation here presented. The verdict set aside by the order granting the new trial was in favor of the plaintiff in the action, and the new trial was granted not for any cause for which the plaintiff was to blame—indeed, the trial court itself expressly exonerates the plaintiff from all blame —but for misconduct on the part of a co-defendant. It would seem that if misconduct on the part of one defendant, not participated in by the plaintiff, would under any circumstance warrant granting a new trial to another defendant as against the plaintiff, it would have to be in an instance where the misconduct was so gross as to compel the court to say that the verdict was the result of the misconduct rather than a due consideration of the evidence. No such condition is here presented.

■ Nor do we find that the order is sustainable on any of the other grounds included in the motion. No other error of law is pointed out to us on which the order can be justified. The motion, it is true, included grounds which invoked the discretion of the court, but the order of the court with respect to these grounds presents no questions reviewable in this court.

■ The record on the appeal of the defendants Bush presents a different situation. The motion of the plaintiff as to them presented not only legal questions but questions which invoked the discretion of the court. The order granting the new trial was general, in that it did not specify the particular ground upon which it was rested. In such an instance, the order will be sustained if there is any valid ground upon which it can be rested. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Holloway v. Savage,* 68 Wash. 614, 123 Pac. 1021; *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Bone v. Yellow Cab Co.,* 137 Wash. 472, 242 Pac. 1093; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142; *Applewhite v. Wayne,* 152 Wash. 62, 277 Pac. 84.

■ We find in the record a discretionary ground upon which the trial court could well have rested its order. There was a decided conflict in the evidence whether the collision of the automobiles which caused the death of the plaintiff's intestate was not the result of the combined negligence of the drivers of the automobiles. This being so, it was within the province of the trial court to grant the plaintiff a new trial as to these defendants, if it believed that the jury had not found with the weight of the evidence on the question.

The judgment appealed from is reversed on the appeal of the plaintiff, and remanded with instructions to enter a judgment in her favor on the verdict. On the

appeal of the defendants Bush, the judgment is affirmed.

TOLMAN, C. J., BEALS, MITCHELL, and MILLARD, JJ., concur.