[No. 23099. Department Two. July 20, 1931.]

ADA L. HARTMAN, *Respondent*, v. FARMERS MUTUAL INSURANCE COMPANY, *Appellant.*[1]

[1]Reported in 1 P. (2d) 913.

*Marion Garland,* for appellant.

*John W. Heal, Jr.,* for respondent.

BEELER, J.—The plaintiff, Ada L. Hartman, seeks to recover upon a fire insurance policy issued by the defendant insurance company, insuring her dwelling house and the furnishings located therein against loss or damage by fire for a period of five years, commencing May 11, 1925. The house and its contents were completely destroyed by fire May 7, 1930. The cause was tried to the court and jury, and resulted in a verdict in favor of the defendant. Thereafter, the plaintiff moved for a new trial, and an order was entered accordingly. From this order the defendant has appealed.

The parties are not in dispute as to the facts. They may be briefly summarized. The house covered by this insurance policy contains seven rooms, four downstairs and three upstairs. From the time of the issuance of the insurance policy, May 11, 1925, to the date of the fire, May 7, 1930, an employee of respondent continuously resided in, and used, the house as a dwelling place, and during the summer seasons of each year, berry pickers employed by the respondent on her ranch also lived there. Respondent herself moved into the house about three months prior to the time of the fire, and shortly thereafter she cut a hole from six to eight feet in width, and about four feet in height, through the wall on one side of the house, and in the adjoining room, covering an area of eight by ten feet, the flooring was removed and a Dutch oven was erected

or built therein. It further appears from the evidence that the respondent was awakened about midnight by the presence of smoke in the house, which attracted her attention to the fire, which was located somewhere in or about the kitchen and at some distance from the oven. The above facts were deduced from respondent's testimony.

The errors assigned and relied on by appellant relate, first, to the refusal of the court to grant a nonsuit at the close of respondent's case in chief; second, in granting a new trial; and third, refusing to enter judgment on the verdict.

As to the first assignment, the appellant contends that, since the respondent admitted having partially converted the building from a dwelling into a place to brood and house chickens, she breached the contract of insurance, and hence the motion for a nonsuit should have been granted. The policy contains no provision requiring that the premises be used *exclusively* as a dwelling, although in this regard it should be said that the house had been used exclusively as a residence for a period of four years and ten months. It was for a period of only about seven weeks preceding the date of the fire that three rooms had been fitted up and were being used as a place to brood and house chickens, and the question then is: Did the partial use of the premises for such purposes increase the risk or hazard of loss by fire? True, appellant in its answer affirmatively alleged, first, that the respondent increased the fire hazard when she converted a portion of the building into an establishment for the brooding and housing of chickens, and second, that the insurance policy provided:

"This entire policy . . . shall be void . . . if the hazard be increased by any means within the control or knowledge of the insured."

But appellant offered no testimony in support of these allegations. Nor were any facts elicited on the cross-examination of the respondent from which it was made to appear that the premises, during the seven weeks previous to the fire, had become a greater fire risk by reason of the installation and use of the oven in connection with the brooding of chickens. In fact, it appears from respondent's evidence that the fire did not originate at, near or about the oven, but on the contrary originated in the kitchen. Clearly, then, the court could not say, as a matter of law, that the installation and use of the oven had increased the fire hazard. Therefore, the question became one of fact to be determined by the jury under proper instructions, and hence the court properly denied the motion for a nonsuit.

Appellant contends that the lower court erred in granting a new trial. The motion for a new trial was based upon the following statutory grounds: Irregularity in the proceedings; misconduct of the jury; accident and surprise; newly discovered evidence; inadequate damages; insufficiency of the evidence to justify the verdict; and error in law occurring at the trial. The order granting a new trial was general in its terms, in that it failed to specify the particular grounds on which it was based. We have repeatedly held that an order granting a new trial which fails to specify the particular grounds on which it is predicated will not be disturbed on appeal, except for abuse of discretion by the trial judge.

In *Holloway v. Savage*, 68 Wash. 614, 123 Pac. 1021, we said:

"The order granting the new trial was general in its terms, failing to specify the particular grounds upon which it was predicated. . . . We have repeatedly held that a motion for a new trial is addressed to the

sound discretion of the trial judge, who is thoroughly familiar with all that occurs at the trial, and that we will not review an order granting a new trial which may have been predicated on matters resting within the discretion of the trial judge, where no abuse of discretion has been shown.''

In *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88, we said:

''A motion for a new trial is addressed to the sound discretion of the court and will not be interfered with on appeal unless it is manifest that the discretion vested in the court was grossly abused.''

See, also: *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907; *Sylvester v. Olson*, 63 Wash. 285, 115 Pac. 175; *Best v. Seattle*, 50 Wash. 533, 97 Pac. 772; *Angus v. Wamba*, 50 Wash. 353, 97 Pac. 246; *Faben v. Muir*, 59 Wash. 250, 109 Pac. 798; *Welever v. Advance Shingle Co.*, 34 Wash. 331, 75 Pac. 863; *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109; *Thomas & Co. v. Hillis*, 64 Wash. 288, 116 Pac. 854.

Respondent insists that a portion of instruction No. 4, and instruction No. 7 were erroneous. With this contention we are in full accord, and it may be that the trial court was prompted to grant a new trial by reason thereof. Instruction 4 recites:

''You are further instructed that while said premises were insured as a dwelling, there is no warranty contained in said policy that the said premises might not be used for some other use so long as they were used as a dwelling also, and that no alterations made on said premises by the plaintiff would avoid the policy nor cause a recovery to be defeated by means of alterations, unless the effect of the same was such as to increase the risk or hazard of loss by fire to the property insured. And so in this case if you find that said premises were being used as a dwelling and also being used at the same time for brooding chickens at the time of the fire, such use and alteration of said premises would

not avoid the policy unless you find that said alterations and use increased the risk or hazard of loss by fire to the property insured, *or that the building was being used generally as a place for the brooding of chickens or that one of its principal uses was the housing and brooding of chickens."* (Italics ours.)

Instruction No. 7 reads:

"You are instructed that if you find from the evidence that the building covered by the policy of insurance in this case was being used generally for the housing and brooding of chickens, or that one of its principal uses was the housing and brooding of chickens, then your verdict in this case must be for the defendant."

The italicized portion of instruction 4, and instruction 7, as applied to the facts of the case, did not contain a correct statement of the law. The insurance policy contains no provision against the partial use of the premises for the brooding and housing of chickens. It was clearly established that the premises were used exclusively and wholly as a dwelling house for approximately four years and ten months, and thereafter for about seven weeks both as a dwelling house and as a place to brood and raise chickens. The question to be determined was whether such combined use increased the fire hazard. The italicized portion of instruction 4, and instruction 7, withdrew from the jury the determination of that question, and, in effect, were tantamount to an instructed or directed verdict in favor of the appellant.

What we have heretofore said applies with equal force to the third assignment of error, relating to the refusal of the court to enter judgment on the verdict.

The order appealed from is affirmed.

TOLMAN, C. J., BEALS, PARKER, and MITCHELL, JJ., concur.