[No. 26764.   Department Two.   December 14, 1937]

*In the Matter of the Estate of* JENNIE RUBENS, *Deceased.*

MYER S. RUBENS, *Appellant,* v. JOSEPH I. RUBENS *et al., as Executors, Respondents.*[1]

[1]Reported in 74 P. (2d) 204.

*L. H. Brown* and *John Huneke,* for appellant.

*S. Edelstein,* for respondents.

BLAKE, J.—This is an appeal from an order dismissing a petition filed by Myer S. Rubens, contesting the will of his mother, Jennie Rubens. The will was executed March 22, 1922. Mrs. Rubens died August 7, 1936, leaving her estate to five children other than the contestant; cutting the latter off with a bequest of one dollar. The will was admitted to probate August 12, 1936. The contestant filed his petition February 11, 1937. The grounds for the contest, as set up in the petition, were fraud and undue influence. The contest came on for hearing March 23, 1937, and continued to the close of contestant's evidence March 24th, at which time the proponents of the will interposed a challenge to the sufficiency of the evidence, which the court then and there sustained.

Formal judgment was not entered, however, until April 15, 1937. In the meantime, the contestant, on March 26th, filed a motion for new trial on all the statutory grounds. April 9th, contestant gave notice that he would make application on April 10th for leave to amend his original petition by alleging "that Jennie Rubens did not sign said purported will and the signature appearing thereon is a forgery." April 10th, the court entered its order reciting that the cause came on for hearing "on contestant's motion for a new trial or for a reopening of the trial of said cause," and "ordered that said motions be and the same are hereby denied."

We do not understand appellant to question the court's ruling on the challenge to the sufficiency of the evidence. We may say in passing, however, that we

agree with the observation of the trial court that the evidence adduced by contestant failed utterly to establish fraud or undue influence. On the contrary, it is clear from the evidence that Jennie Rubens was never under the domination of her children or anyone else. She herself was the head of the family. Her dominating influence in the family is epitomized in a question and answer found in the examination of Rabbi Fink: "Q. As a matter of fact, there is hardly anybody in the Jewish community that did not know Jennie Rubens? She is what is generally known as a mother in Israel? A. The matriarch type."

The motions to reopen the case and for new trial are predicated on the alleged discovery of evidence tending to prove the will a forgery. Appellant's argument in this court is predicated upon the theory that the court committed error in law in denying the motion on the ground that the statute of limitations had run against a contest on the ground of forgery. But it nowhere appears in the record that the court denied the motion upon that theory, or for any other specific reason.

The order denying the motions is general. And it is the established rule of this court that such an order will be reviewed only for abuse of discretion. If the court, either orally or in writing, assigns any specific reason for granting or denying such a motion, the legal sufficiency of the reason will not be reviewed by this court, unless it is incorporated in the formal order and appears to be the exclusive ground upon which the ruling is based. *Best v. Seattle,* 50 Wash. 533, 97 Pac. 772; *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142.

We are therefore concerned on this appeal only with the question of whether or not the court abused its discretion in denying the motions for new trial and

to reopen the case. On April 5th, an affidavit had been filed in support of the motion for new trial, in which the affiant (an expert on forged documents) averred that he had examined the signature to the will and had "found certain factors which indicate that the signature on the will is not the signature of Jennie Rubens." He admits, however, that the "suspicious circumstances" he found in the signature would require further study and comparison with known genuine signatures of Jennie Rubens before he could reach a "final conclusion."

In view of the theory upon which the contest had been waged *and decided,* we think this showing utterly inadequate·to warrant the granting of the motion for new trial or the motion to reopen. For, as we have indicated, the contest was predicated, waged, and decided on the theory of fraud and undue influence. So far as the record shows, forgery, as a ground of contest, was first suggested in the affidavit from which we have just quoted.

True, contestant says that forgery as a ground for contest occurred to him and his counsel before the close of the case, as a result of the disclosure by two of the heirs, called as witnesses, that all of Jennie Rubens' personal checks had been destroyed. From this, they deduced that the checks had been destroyed with the ulterior purpose of preventing comparison of the signature on the will with known genuine signatures. But no claim of surprise or application for continuance was then made. It was not then suggested by contestant that he suspected the will was forged.

In the light of all the evidence, we do not think the fact that Mrs. Rubens' checks had been destroyed justifies even a suspicion that the will was forged. For reasons unnecessary to state here, it appears from the record that Mrs. Rubens' disinheritance of the con-

testant was by no means an act of injustice, nor was it incompatible with the maternal affection which she doubtless had for him.

Believing that the court, in denying the motions for new trial and to reopen the case, exercised a sound discretion, the judgment will be affirmed.

STEINERT, C. J., BEALS, ROBINSON, and SIMPSON, JJ., concur.