[No. 28300. Department One. August 8, 1941.]

FLOYD H. STUCKRATH *et al., Respondents,* v.
LEE SCHWARZ *et al., Appellants.*[1]

---

[1]Reported in 115 P. (2d) 974.

2

*DuPuis & Ferguson,* for appellants.

*Will G. Beardslee* and *George F. Ward,* for respondents.

BLAKE, J.—Plaintiffs brought this action to recover damages for injuries sustained by the wife in a collision with an automobile owned by defendant Caroline Schwarz and driven by defendant Lee Schwarz. The cause was tried to a jury, which returned a verdict in favor of defendants. Upon motion of plaintiffs, the court entered an order granting a new trial, from which defendants have appealed. The order was couched in general terms:

"IT IS ORDERED, that plaintiffs' motion for a new trial is hereby granted and the verdict heretofore rendered by the jury be and the same is hereby set aside."

This court will review such an order only for manifest abuse of discretion. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32. In reviewing an order granting a motion for new trial, couched in general terms, this court will presume that it was granted on any ground which would justify its entry, notwithstanding the trial court, in an oral or memorandum opinion, may have based it upon some specific ground. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Shook v.*

*Hughes,* 146 Wash. 134, 262 Pac. 142; *Applewhite v. Wayne,* 152 Wash. 62, 277 Pac. 84; *In re Ruben's Estate,* 192 Wash. 571, 74 P. (2d) 204.

■ While the trial court may not substitute its opinion for that of the jury upon conflicting evidence (*Franey v. Seattle Taxicab Co.,* 80 Wash. 396, 141 Pac. 890), it may, and should, grant a new trial if it believes the verdict is against the weight of the evidence and that substantial justice has not been done. *Scribner v. National Refining Co.,* 169 Wash. 44, 13 P. (2d) 61; *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *Nagle v. Powell,* 5 Wn. (2d) 215, 105 P. (2d) 1. In the *Lappenbusch* case, the court said:

"All of our decisions have proceeded upon the principle that, if the trial court, in the exercise of its sound discretion, is satisfied that substantial justice has not been done in a given case, it is its right and its duty to set the verdict aside."

■ In the light of these well-established rules, we shall discuss the evidence as the trial court may have viewed it. While appellants suggest that the evidence fails to establish negligence on their part, we think the trier of the facts would hardly be warranted in concluding that the collision was not due to the negligence of Lee Schwarz. He ran into the rear of respondents' car traveling in the same direction. Nor do we think there is any substantial evidence to charge Mrs. Stuckrath with contributory negligence. So the trial court may well have thought that appellants were legally responsible for whatever damages she may have sustained.

About two months prior to the collision, which occurred September 13, 1939, Mrs. Stuckrath had undergone an operation for the correction of a retroverted uterus. In her complaint, she alleged that the collision *caused* a retroversion of her uterus. She again under-

went an operation to correct the condition in January, 1940. Her proof wholly failed to establish that the condition was *caused* by the collision. There was evidence, however, from which the jury might have found that the collision aggravated the condition. There was also evidence of nervous shock, resulting in a condition bordering on neurasthenia. Some of the experts called by appellants admitted this. There was also evidence of some damage to respondents' automobile. In this view of the facts, it may well have appeared to the trial court that, through the negligence of appellants, respondents suffered damages for which they were entitled to some compensation.

■ Appellants cite cases in which we have sustained orders *denying* motions for a new trial upon conflicting evidence; and argue from these holdings that it must follow that the granting of a new trial upon conflicting evidence is an abuse of discretion. The argument is without substance. The rule is equally as applicable in cases where a new trial is granted as in cases where it is denied. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, *supra*; *Alberts v. Rasher, Kingman, Herrin,* 128 Wash. 32, 221 Pac. 975.

Order affirmed.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.